S11G1792. LEITCH et al. v. FLEMING.

(732 SE2d 401)

HUNSTEIN, Chief Justice.

The DeKalb County district attorney brought a declaratory judgment action against the county's magistrate judges seeking guidance regarding a dispute on the proper evidentiary standards for establishing probable cause at preliminary hearings. The trial court issued a declaratory judgment in the district attorney's favor, and the Court of Appeals affirmed. We granted the petition for writ of certiorari to consider whether declaratory judgment is an appropriate remedy for challenging evidentiary policies or practices at preliminary hearings. Because this dispute is not a civil case that presents a justiciable controversy and declaratory relief would not provide any more guidance or certainty than current case law, we conclude that declaratory relief is not an appropriate remedy. Accordingly, we reverse.

This appeal is the second appearance of this case before this Court. In 2007, then-District Attorney Gwendolyn Keyes Fleming filed petitions for the writs of mandamus and prohibition against the Magistrate Court of DeKalb County and four judges, alleging that the court had a policy declaring that hearsay evidence alone was insufficient to establish probable cause at preliminary hearings. The trial court ruled that a magistrate judge did not have the discretion to refuse to admit hearsay evidence and that a judge could find probable cause based on hearsay alone. This Court granted the magistrate court's interlocutory application and reversed, concluding that the trial court erred in considering the petitions because the underlying subject matter concerned rulings made in criminal prosecutions from which the State could not appeal. *Magistrate Court of DeKalb County v. Fleming*, 284 Ga. 457 (667 SE2d 356) (2008) (*Fleming I*).

Subsequently, the district attorney amended her complaint to add a declaratory judgment claim and all current magistrate judges

as parties. She asserts that the magistrate judges' subjective interpretation of the law leaves the district attorney uncertain about the evidentiary standard she must meet to establish probable cause at a preliminary hearing. Granting the district attorney's motion for summary judgment, the trial court concluded that the magistrate judges lack discretion to refuse the admission of hearsay evidence and are required to find probable cause if hearsay alone supports it. The judges appealed, and the Court of Appeals affirmed on that issue. *Bethel v. Fleming*, 310 Ga. App. 717 (1) (713 SE2d 900) (2011) (*Fleming II*). The court found that "a declaratory judgment regarding the proper evidentiary standards in preliminary hearings is authorized and necessary in this case, and further, that magistrate judges are required to admit and weigh hearsay evidence in preliminary hearings." Id. at 724.

1. The State Declaratory Judgment Act gives superior courts the power to declare rights and other legal relations of any interested party in "cases of actual controversy" under OCGA § 9-4-2 (a) and "in any civil case in which it appears to the court that the ends of justice require that the declaration should be made." OCGA § 9-4-2 (b). "The words 'actual controversy' mean a justiciable controversy where there are interested parties asserting adverse claims on an accrued set of facts." *Cramer v. Spalding County*, 261 Ga. 570, 572 (2) (409 SE2d 30) (1991). "For a controversy to justify the making of a declaration, it must include a right claimed by one party and denied by the other, and not merely a question as to the abstract meaning or validity of a statute." *Pilgrim v. First Nat. Bank*, 235 Ga. 172, 174 (219 SE2d 135) (1975).

This dispute over the proper evidentiary standard to apply at preliminary hearings is not a controversy between two adverse parties. A judge acting in an official capacity in a criminal case is not an adverse party with interests antagonistic to those of the State or the defendant, but instead serves in the role of a neutral decision maker. See *Gerstein v. Pugh*, 420 U. S. 103, 114 (95 SC 854, 43 LE2d 54) (1975) (detached judgment of a neutral magistrate is required to restrain suspect for extended period following arrest); see also *State ex rel. Edmisten v. Tucker*, 323 SE2d 294 (NC 1984) (disallowing attorney general's declaratory judgment action against district court judges who had ruled statute was unconstitutional because they were not persons with an adverse interest to the attorney general or people of the state). We have previously rejected a sheriff's declaratory judgment action challenging a county grand jury's presentment that he was failing to enforce state laws on the sale of alcoholic beverages. *Cook v. Sikes*, 210 Ga. 722 (82 SE2d 641) (1954). "The grand jury as a body and its members individually, being an arm of the law and a

part of the machinery of government, are not subject to question in any court for its or their action in the performance of grand jury duties." Id. at 727. Similarly, a prosecutor may not through a declaratory judgment action challenge the evidentiary rulings and legal interpretations of judges in performing their official duties at a court hearing.

2. Besides cases involving actual controversies, the superior courts have the power to settle justiciable controversies of a civil nature when it appears that the ends of justice require that a declaration be made. Under OCGA § 9-4-2 (b), a declaratory judgment may be issued when circumstances show the necessity for a decision "to guide and protect a party from uncertainty and insecurity with regard to the propriety of some future act or conduct." *Baker v. City of Marietta*, 271 Ga. 210, 215 (1) (518 SE2d 879) (1999); accord *Calvary Independent Baptist Church v. City of Rome*, 208 Ga. 312, 314 (3) (66 SE2d 726) (1951). The petition fails here because the controversy is of a criminal nature and the district attorney has failed to show a need for guidance beyond existing case law.

(a) In the first appeal of this case, we reversed the trial court's ruling on the ground that the underlying subject matter concerned rulings in criminal prosecutions — a judge's dismissal of charges at a preliminary hearing — from which the State cannot appeal. "Here, the State, in the person of the District Attorney, has attempted to avoid this restriction by attacking the alleged [court] policy resulting in such dismissals through the device of a writ of mandamus and prohibition." *Fleming I*, 284 Ga. at 458. We concluded that the trial court should have dismissed the petitions rather than considering them on their merits.

Although the district attorney attempts to recast her complaint as a civil case, we again conclude that the underlying decisions that are being challenged in this declaratory judgment action are evidentiary rulings in criminal cases that are not subject to appeal. The State of Georgia has a limited right to appeal in criminal cases. *State v. Tyson*, 273 Ga. 690 (1) (544 SE2d 444) (2001). OCGA § 5-7-1 sets out nine instances in which the State may file an appeal in a criminal case and does not provide for an appeal from the magistrate court's decision dismissing charges for lack of probable cause. Cf. OCGA § 5-7-1 (a) (1) (State may appeal from an order, decision, or judgment dismissing any indictment or accusation).

In this appeal, the district attorney is challenging the policies and practices of magistrate judges on the admissibility of hearsay evidence at a preliminary hearing, a pretrial criminal proceeding. Looking at the substance of the declaratory judgment claim, the underlying subject matter concerns the prosecution of suspects accused

of crimes. Defendants are entitled to a preliminary hearing if they are in jail awaiting disposition of their case or they have significant restrictions on their freedom while out on bond. Wayne M. Purdom, Ga. Magistrate Court Handbook § 11:1 (a) (2011). The purpose of the preliminary hearing is "to authorize the keeping in custody of one accused with probable cause of committing a crime until the grand jury determines whether he should stand trial." *Phillips v. Stynch-combe*, 231 Ga. 430, 432 (1) (202 SE2d 26) (1973). The magistrate binds the accused over to the grand jury if there is probable cause to believe the suspect is guilty of the crime charged. *State v. Middle-brooks*, 236 Ga. 52 (1) (222 SE2d 343) (1976). The State does not have the right to directly appeal the judges' probable cause decisions and is attempting in this case to circumvent the appellate procedure for seeking review of criminal rulings. We conclude the State cannot indirectly do what it does not have the authority to do directly. See *Howard v. Lane*, 276 Ga. 688, 689 (581 SE2d 1) (2003) (dismissing district attorney's appeal of denial of a petition for writ of prohibition because State did not have ability to appeal ruling in criminal case).

(b) Previously, this Court held that the Sixth Amendment right to confront witnesses at trial does not apply to a preliminary hearing. *Gresham v. Edwards*, 281 Ga. 881 (644 SE2d 122) (2007), overruled on other grounds by *Brown v. Crawford*, 289 Ga. 722 (715 SE2d 132) (2011). In *Gresham*, we rejected the defendant's argument that he was denied his constitutional right of confrontation when the only witness, the investigating detective, was permitted to give hearsay testimony at the preliminary hearing. Id. at 883; see Uniform Magistrate Court Rule 25.2 (C) (1) ("rules of evidence shall apply except that hearsay may be allowed"). See generally Ga. Magistrate Court Handbook §§ 11.5, 11.8 (hearsay may form the basis for a finding of probable cause to bind over the accused, but "only when found to be reliable, a concept which is not susceptible to clear lines").

Moreover, the magistrate judges concede that the new Evidence Code will eliminate the uncertainty that they have claimed exists. Effective January 1, 2013, OCGA § 24-1-2 (d) (1) expressly provides, "In criminal commitment or preliminary hearings in any court, the rules of evidence shall apply except that hearsay shall be admissible." See also OCGA § 17-7-28 ("The court of inquiry shall hear all legal evidence submitted by either party. . . . The rules of evidence shall apply except that hearsay shall be admissible.").

At oral argument, the district attorney was unable to articulate how a judgment declaring the applicable evidentiary standard would provide any more guidance than existing case law or relieve her office of the uncertainty that she claims exists from the magistrate judges' failure to follow that law. If the magistrate judges are not following

the law as stated in appellate court decisions, then it is unclear how a superior court's declaration of the law would "guide and protect" the State from uncertainty regarding future rulings in the magistrate court.

3. Contrary to the opinion of the Court of Appeals, this Court did not rule previously that a declaratory judgment complaint would have been proper in this case. See *Fleming II*, 310 Ga. App. at 719. In *Fleming I*, a dissenting justice found that the district attorney's claims, when "properly construed," asserted a claim for declaratory judgment relief. *Fleming I*, 284 Ga. at 459 (Sears, C. J., dissenting). In response, the majority opinion concluded that "[t]his is not a declaratory judgment action" because the district attorney was not seeking guidance, but instead "sought an order prohibiting [the magistrate court] from applying its hearsay evidentiary rule and mandating that the interpretation of the rule set forth by Fleming be used." Id. at 458-459. In rejecting the dissent's characterization of the claim, we were not sanctioning the use of a declaratory judgment action in the case.

Although the district attorney cannot appeal the probable cause rulings of the magistrate judges, the State is not without a remedy. On a case-by-case basis, the district attorney has the option of presenting additional evidence to the same judge, initiating a new prosecution for the same offense, or seeking an indictment before the grand jury. See *Johnson v. State*, 242 Ga. 822 (4) (251 SE2d 563) (1979) (grand jury is not bound by charge stated in magistrate's bindover order in determining offenses that have been committed); *Wells v. Stynchcombe*, 231 Ga. 199 (200 SE2d 745) (1973) (dismissal of charges based on lack of probable cause does not bar subsequent indictment). See generally 4 Wayne R. LaFave et al., Criminal Procedure, § 14.3 (c) (3d ed. 2011) (describing ways that prosecutors seek to overcome a magistrate's dismissal at a preliminary hearing).

The concurring opinion seeks to advise the district attorney and the public on broader remedies potentially available "against judges who consistently or willfully fail to follow clear and binding legal rules and precedents." While that opinion correctly points out that the Georgia Code of Judicial Conduct requires judges to be "faithful to the law and maintain professional competence in it," Canon 3 (B) (2), the line between a judge's willful failure to follow binding legal precedent and a good faith effort to interpret and apply that same law is not always clear. We caution that our discussion should not be viewed as inviting, encouraging, or suggesting that parties file an ethics complaint based solely on a disagreement with a judge's ruling in their case on the proper interpretation of the law. This remedy is not available for a judge's "mere decisional or judgmental errors,"

mistakes in the interpretation of statutes, or misjudgments in the exercise of discretionary powers. See *In the Matter of Inquiry Concerning a Judge*, 265 Ga. 843, 851 (5) (462 SE2d 728) (1995). More systemic wrongdoing is required to prove judicial incompetence. See *In the Matter of Inquiry Concerning a Judge No. 94-70*, 265 Ga. 326, 328 (1) (454 SE2d 780) (1995) (defining " 'willful misconduct in office' to mean actions taken in bad faith by the judge acting in her judicial capacity"); see also *In the Matter of Inquiry Concerning a Judge*, 275 Ga. 404, 408-409 (1) (566 SE2d 310) (2002) (removing judge from office for demonstrating a lack of competence in areas of law related to the discharge of his fundamental duties, telephoning an attorney's client to propose a settlement in a case, and retaliating against a subordinate judge); *In the Matter of Inquiry Concerning a Judge*, 265 Ga. 843, 850-851 (5) (462 SE2d 728) (1995) (removing judge from office for refusing to set appeals bonds when law required it, issuing bench warrants for arrests without probable cause, and forcing a defendant to enter a guilty plea in the absence of counsel).

4. In conclusion, this case is not a controversy between adverse parties or a civil case in which the ends of justice require a declaration to provide guidance or eliminate uncertainty. Therefore, we hold the district attorney does not have the right to bring a declaratory judgment action to obtain review of the probable cause decisions of magistrate judges at preliminary hearings.

*Judgment reversed. All the Justices concur.*

NAHMIAS, Justice, concurring.

It is easy to understand the district attorney's frustration in dealing with magistrate judges whose rulings on the admissibility of hearsay evidence in preliminary hearings appear plainly wrong under the rules and precedents that are binding on those judges. Nevertheless, for the reasons given in the majority opinion — and, in my view, for several other reasons as well — this problem cannot be remedied by allowing the State to circumvent its inability to appeal these evidentiary rulings in criminal cases by seeking a declaratory judgment against the judges to try to achieve the same result.

This does not leave district attorneys, and the public, without any remedies in this sort of situation. The majority opinion offers some "case-by-case" remedies that the State may pursue to address the particular hearsay-ruling problem presented here. Maj. Op. at 673. However, suggesting that the district attorney "present[ ] additional evidence to the same judge" is hardly a remedy for the problem, which is precisely that the magistrate judge required the district attorney to present additional evidence to prevail instead of permitting her to use hearsay evidence as the law allows. Suggesting

judge-shopping — "initiating a new prosecution for the same offense" and hoping the preliminary hearing will be assigned to a different magistrate judge, who will follow the law — is not very palatable either. And while the district attorney may "seek[ ] an indictment before the grand jury," that requires the grand jury to be available, and in the meantime, the charges stand dismissed and a dangerous defendant may go free rather than being held without bail or released on bond with conditions to protect the community.

The General Assembly could also amend the law to authorize the State to appeal a broader range of pretrial rulings excluding evidence. Compare OCGA § 5-7-1 (a) (4) (authorizing the State to appeal a pre-trial "order, decision, or judgment suppressing or excluding evidence" by certain courts only if the evidence was "illegally seized" or is "the results of any test for alcohol or drugs"), with 18 USC § 3731 (authorizing the United States, in federal criminal cases, to appeal a pretrial "decision or order of a district court suppressing or excluding evidence," if the United States Attorney certifies "that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding"). But I am unsure if such an amendment could be effectively crafted to reach the type of magistrate court, preliminary hearing hearsay rulings at issue here. Instead, the General Assembly has amended the law to make it unequivocally clear that hearsay "shall be admissible" in such proceedings. See Maj. Op. at 672.

It is important, therefore, to recognize that broader remedies exist against judges who consistently or willfully fail to follow clear and binding legal rules and precedents. When judges have displayed systemic incompetence or can be shown to have decided matters in bad faith, they risk discipline, including permanent removal from elected or appointed judicial office, from the Judicial Qualifications Commission and this Court based on violations of Canon 3 (B) (2) of the Georgia Code of Judicial Conduct, which states that "Judges should be faithful to the law and maintain professional competence in it." See also id. Terminology (defining "law" as denoting "court rules as well as statutes, constitutional provisions and decisional law"); *In the Matter of Inquiry Concerning a Judge No. 94-70*, 265 Ga. 326, 327-328 (454 SE2d 780) (1995) (explaining that the JQC rules provide for discipline for "willful misconduct in office," meaning actions taken in bad faith by the judge acting in her judicial capacity, and "conduct prejudicial to the administration of justice," meaning inappropriate actions taken in good faith by the judge acting in her judicial capacity which may appear to be unjudicial and harmful to the public's esteem of the judiciary); *Inquiry Concerning Judge Fowler*, 287 Ga. 467, 472 (696 SE2d 644) (2010) (removing a judge from office based in part on

his " 'judicial incompetence,' " explaining that "we cannot expect that members of the public will respect the law and remain confident in our judiciary while judges who do not respect and follow the law themselves remain on the bench" (citation omitted)); *In the Matter of Inquiry Concerning a Judge*, 275 Ga. 404, 408-409 (566 SE2d 310) (2002) (removing a judge for, among other things, demonstrating a lack of competence in areas of the law that are crucial to the discharge of the judge's fundamental duties); *In the Matter of Inquiry Concerning a Judge*, 265 Ga. 843, 850-851 (462 SE2d 728) (1995) (removing a judge who "exhibit[ed] an intolerable degree of judicial incompetence," including refusing to set appeal bonds when the law required it, issuing bench warrants for arrests without probable cause, and forcing a defendant to enter a guilty plea in the absence of his counsel). In addition, because judges in Georgia are appointed or elected to their offices for fixed terms, one would hope that a judge's demonstrated legal incompetence or willful disregard of governing law would result in the decision not to reappoint or re-elect the judge.

These are not remedies to be lightly pursued, nor are they appropriate remedies for judges who have "made mere decisional or judgmental errors, . . . simply mistakenly interpreted statutes, or erred as to the scope of [their] discretionary powers," 265 Ga. at 851, which are things that almost all judges, being human, do at one time or another. It is worth noting that, despite the frustration of the district attorney with the judicial rulings at issue here, these remedies have apparently not been pursued, which suggests that the situation is less grave than may be portrayed. Nevertheless, judges whose incompetence or misconduct may not be amenable to correction by way of appeal on a case-by-case basis, or by way of a writ of mandamus or declaratory judgment, still should be obliged to follow the law to retain their judicial office.

With these additional views, I concur fully in the majority opinion.

DECIDED OCTOBER 15, 2012.

*Benjamin D. Goldberg*, for appellants.

*Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

*Hogue & Hogue, Franklin J. Hogue, James C. Bonner, Jr., J. Scott Key*, amici curiae.