In the Supreme Court of Georgia

Decided: February 22, 2016

S15A1711. WALKER v. OWENS et al.

HUNSTEIN, Justice.

Appellant John T. Walker appeals the dismissal of his declaratory judgment action.[1] We affirm.

In February 2011, Walker was sentenced to five years' probation under the Georgia First Offender Act. Walker contends that his probation officer prepared a petition for early termination of probation and that a judge signed an order terminating his probation; however, no termination order was ever filed. Walker contends that there is overwhelming evidence that Chief Probation Officer Chiquiti Dean destroyed the order terminating Walker's probation without the consent or knowledge of the judge who signed the order, and, as a consequence, Walker was arrested and detained for 21 days on a subsequent probation revocation warrant before a trial court dismissed the probation

---

[1] Walker also sought a writ of mandamus; he does not, however, challenge the trial court's decision in that respect.

revocation proceedings.

In March 2015, Walker filed a petition for declaratory judgment and a writ of mandamus, naming as respondents, in both their respective individual and official capacities, the Commissioner of the Department of Corrections, the Commissioner of the Department of Administrative Services, and Officer Dean (collectively, "Respondents"). In the petition, Walker alleged that Officer Dean was not bonded as required by 42-8-26 (d)[2] but that the Georgia Department of Administrative Services maintained "a fidelity and indemnification insurance policy covering the State of Georgia for the failure of its employees to faithfully and honestly discharge their official duties." Walker alleged, however, that even

---

[2]At the time Walker filed this action, OCGA § 42-8-26 (d) read as follows: "Each probation supervisor shall give bond in such amount as may be fixed by the department payable to the department for the use of the person or persons damaged by his or her misfeasance or malfeasance and conditioned on the faithful performance of his or her duties. The cost of the bond shall be paid by the department; provided, however, that the bond may be procured, either by the department or by the Department of Administrative Services, under a master policy or on a group blanket coverage basis, where only the number of positions in each judicial circuit and the amount of coverage for each position are listed in a schedule attached to the bond; and in such case each individual shall be fully bonded and bound as principal, together with the surety, by virtue of his or her holding the position or performing the duties of probation supervisor in the circuit or circuits, and his or her individual signature shall not be necessary for such bond to be valid in accordance with all the laws of this state. The bond or bonds shall be made payable to the department."

2

this insurance policy, "the Great American policy," failed to satisfy the bond requirements imposed by OCGA § 42-8-26 (d). Walker sought a declaration that, to the extent that the Respondents claimed that the Great American policy satisfied the statutory bond requirement, "it should be declared . . . to be read to allow a claimant, such as [Walker] to make an individual claim against the surety and the principal under the 'read in/read out' doctrine for construing statutory bonds." Respondents subsequently moved to dismiss on the grounds that the declaratory judgment claim was barred by sovereign immunity and that the request for a writ of mandamus failed to state a claim.

Following a hearing, the trial court granted the motion to dismiss. In its order, the trial court determined that Walker's request for a declaratory judgment was premature. The trial court noted that Walker had neither filed substantive claims against the parties nor pursued a statutory bond claim; in short, the trial court concluded, Walker was asking the trial court to interpret an insurance contract to determine who Walker should sue. Walker now challenges the trial court's dismissal of his declaratory judgment claim.

It is well settled that

[a] motion to dismiss for failure to state a claim upon which relief

3

may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citations omitted) Anderson v. Flake, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997).

"The State Declaratory Judgment Act gives superior courts the power to declare rights and other legal relations of any interested party in 'cases of actual controversy' under OCGA § 9-4-2(a) and 'in any civil case in which it appears to the court that the ends of justice require that the declaration should be made.' OCGA § 9-4-2(b)." Leitch v. Fleming, 291 Ga. 669, 670 (1) (732 SE2d 401) (2012). The Declaratory Judgment Act is designed "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations," see OCGA § 9-4-1, and "[t]he object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or

4

rights are violated." (Citations omitted.) State Highway Dept. v. Georgia Southern & Florida Railway Co., 216 Ga. 547, 548 (2) (117 SE2d 897) (1961). "'The proper scope of declaratory judgment is to adjudge those rights among parties upon which their future conduct depends.'" SJN Properties, LLC v. Fulton County Board of Assessors, 296 Ga. 793, 802 (2) (b) (iii) (770 SE2d 832) (2015). Such relief is authorized when there are "circumstances showing [a] necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest." Morgan v. Guaranty National Companies, 268 Ga. 343, 344 (489 SE2d 803) (1997). See also Porter v. Houghton, 273 Ga. 407, 408 (542 SE2d 491) (2001). However, "[w]here the party seeking declaratory judgment does not show it is in a position of uncertainty as to an alleged right, dismissal of the declaratory judgment action is proper; otherwise, the trial court will be issuing an advisory opinion, and the Declaratory Judgment Act makes no provision for a judgment that would be 'advisory.'" (Citations omitted.) Baker v. City of Marietta, 271 Ga. 210, 214 (1) (518 SE2d 879) (1999).

A resolution as to whether Officer Dean is properly bonded or otherwise insured for damage caused by her misfeasance or malfeasance is of no consequence unless and until Walker obtains a judgment against her for such conduct and demonstrates that he is entitled to collect damages; any declaration that Officer Dean is covered by the Great American policy or that Walker may seek a claim against that policy would be purely advisory at this point.[3]  Finally, there is clearly no uncertainty or insecurity with respect to Walker's rights here that would justify a declaratory judgment; such a conclusion is bolstered by Walker's admission at oral argument that he has proceeded with substantive claims against Respondents in a separate legal action.  Accordingly, the trial court correctly dismissed Walker's claim for a declaratory judgment.

Judgment affirmed.  All the Justices concur.

---

[3] Because we conclude that Walker failed to state a claim with respect to his declaratory judgment action, we pretermit Respondents' argument that the claim is barred by sovereign immunity.  But see Olvera v. University System of Georgia's Board of Regents, ___ Ga. ___ (___ SE2d ___) (2015).