**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 11, 2019**

# In the Court of Appeals of Georgia

A19A0199. KELLAR v. DAVIS et al.                              DO-008

DOYLE, Presiding Judge.

Margery Kellar, as guardian of Sandra Smith, sued Barbara Davis, Smith's former conservator, seeking a declaratory judgment (1) that Davis destroyed Smith's 2012 last will and testament ("2012 Will"), which listed Kellar and Louis Levenson – Smith's attorney — as beneficiaries; and (2) that Smith's 2013 last will and testament ("2013 Will"), which removed Kellar and Levenson as beneficiaries and added Davis as the beneficiary, is invalid and void. Davis and Jerry Landers, Jr., — Smith's current conservator and intervenor in the case — filed motions to dismiss. The trial court granted the motions, finding that it lacked subject matter jurisdiction because Smith is still alive, and therefore, any declaration as to the validity of the

2013 will would be advisory. Kellar appeals the dismissal order, and for the reasons that follow, we affirm.

A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.[1]

So viewed, the record shows that in her 2012 Will, Smith bequeathed her estate to Levenson, Kellar, and The American Society for Prevention of Cruelty to Animals, "to share and share alike."[2] Soon thereafter, Levenson and Kellar filed in the Probate

---

[1] (Citations omitted.) *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997).

[2] In the 2012 Will, Smith referred to Kellar and Levenson as her "friends and co[-]workers," indicated that Levenson "had[d] acted as [her] Power of Attorney," and named Levenson as the executor.

2

Court of Cobb County a petition to appoint Kellar as guardian and Levenson as conservator for Smith, alleging that she had cognitive loss and memory loss related to dementia. On December 5, 2012, following a hearing, the probate court entered a final order based on evidence of Smith's recent memory loss. The court noted in the order that in March 2012, Smith executed (1) a durable power of attorney for health care, appointing Kellar as her health care agent and nominating her as guardian, and (2) a financial power of attorney, appointing Levenson as her agent and attorney-in-fact and nominating him as conservator.[3] The order stated that Levenson had assisted Smith with her finances and referred her to another attorney for the purpose of creating a new will.[4] The court also noted that after Smith was served with the petition, "she developed animosity toward [Kellar and Levenson, but she] could not articulate why she did not want the[m] to serve as guardian and conservator." The probate court appointed Kellar as Smith's guardian, finding "just cause not to appoint . . . Davis as guardian [because] she has not made the most appropriate decisions

---

[3] Smith also executed an attorney fee agreement with Levenson agreeing to the statutory compensation of conservators for his services as her attorney.

[4] According to the probate court's order, "Levenson acknowledged that under . . . Smith's current estate plan, it could be construed that he has a conflict of interest with serving as her fiduciary."

regarding [Smith's] medical care," and it appointed Davis as her conservator, finding that "a conflict of interest exists which establishes good cause not to appoint [Levenson as conservator because he] sold personal assets to [Smith] and [because of his] status . . . in . . . Smith's estate plan."

In her 2013 Will, Smith bequeathed the entirety of her estate to Davis and named her as executor. The 2013 Will contained the following "intentional exclusion":

> The failure of this Will to provide for any distribution to the following person[s] or organization[s] is intentional: Louis Levenson and Margery Keller[.] I do not want . . . Levenson or . . . Kellar to inherit anything I own, including property, money, furniture, [or] jewelry. I do not want them to receive absolutely [sic] anything from [my] estate.

Thereafter, Kellar, represented by Levenson and another attorney, filed a complaint for a judgment declaring that the 2013 Will "is invalid and void as a matter of law" and that Davis had destroyed the original 2012 Will. Kellar alleged that a neuropsychologist who examined Smith in August 2012 recommended suspending her driving privileges and establishing a financial guardianship for her. The complaint stated that after Kellar filed a petition for accounting, settlement, and money judgment against Davis, the parties agreed to a consent order authorizing Davis to

4

resign as conservator and appointing Landers as successor conservator. Kellar further alleged that in light of Smith's incompetence and the timing of the new will, "it is clear that . . . Davis exercised undue influence and improperly coerced . . . Smith (who lacked capacity) to revoke all prior wills while insisting that . . . Smith execute a new will leaving everything to . . . Davis." Finally, Kellar asserted that "although Smith is currently living, . . . there is a genuine need of immediate [c]ourt determination of the . . . 2013 Will. A prolonged period of time increases the risk that witnesses to each of the competing wills will be unavailable as [will] . . . evidence of any undue influence or coercion of Davis."

Davis and Landers moved to dismiss Kellar's declaratory judgment case, and the trial court granted the motions, concluding that "a resolution of whether the 2013 Will is valid is of no consequence until and such time as . . . Smith is deceased. Any declaration as to the validity or invalidity of a will would be purely advisory at this point."

Kellar appeals, arguing that the trial court erred by dismissing her complaint for declaratory judgment. Pretermitting whether the probate court has exclusive jurisdiction over this matter,[5] the trial court properly dismissed Kellar's case.

> The State Declaratory Judgment Act [("the Act")] gives superior courts the power to declare rights and other legal relations of any interested party in "cases of actual controversy" under OCGA § 9-4-2 (a) and "in any civil case in which it appears to the court that the ends of justice require that the declaration should be made."[6]

The purpose of the Act "is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. . . ."[7] "[T]he object of the

---

[5] See OCGA § 15-9-30 (a) (11) ("Probate courts have authority, unless otherwise provided by law, to exercise original, exclusive, and general jurisdiction of . . . [a]ll other matters and things as appertain or relate to estates of deceased persons and to persons who are incompetent because of mental illness or intellectual disability. . . ."); *Heath v. Sims*, 242 Ga. App. 691, 693 (1) (531 SE2d 115) (2000) ("[W]ith respect to areas in which the probate court has been given exclusive, original subject matter jurisdiction, its authority is broad. . . . [W]ith matters relating to estates, the probate court has exclusive, original jurisdiction. It follows that a claim that an executor has breached a fiduciary duty would not fall outside the jurisdiction of the probate court simply because the plaintiff sought damages. To hold otherwise would allow disgruntled beneficiaries to remove a case from the probate court, the forum best suited to adjudicating such disputes, simply by alleging a claim for damages.").

[6] *Leitch v. Fleming*, 291 Ga. 669, 670 (1) (732 SE2d 401) (2012), quoting OCGA § 9-4-2 (b).

[7] OCGA § 9-4-1.

6

declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated[, and t]he proper scope of declaratory judgment is to adjudge those rights among parties upon which their future conduct depends."[8] Thus, a party is entitled to a declaratory judgment if there are

> circumstances showing [a] necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to [her] alleged rights and which if taken without direction might reasonably jeopardize [her] interest.[9]

Nevertheless, "[d]eclaratory judgment will not be rendered based on a possible or probable future contingency."[10] Therefore, if a plaintiff fails to demonstrate that she "is in a position of uncertainty as to an alleged right, dismissal of the declaratory

---

[8] (Punctuation and citation omitted.) *Walker v. Owens*, 298 Ga. 516, 518 (783 SE2d 114) (2016), quoting *SJN Properties, LLC v. Fulton County Bd. of Assessors*, 296 Ga. 793, 802 (2) (b) (iii) (770 SE2d 832) (2015) & *State Highway Dept. v. Ga. Southern & Florida R. Co.*, 216 Ga. 547, 548 (2) (117 SE2d 897) (1961).

[9] *Morgan v. Guaranty Nat. Co.*, 268 Ga. 343, 344 (489 SE2d 803) (1997).

[10] (Citation and punctuation omitted.) *Baker v. City of Marietta*, 271 Ga. 210, 215 (1) (518 SE2d 879) (1999), quoting *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 18 (413 SE2d 450) (1992) & *Mitchell v. W. S. Badcock Co.*, 230 Ga. App. 352 (3) (496 SE2d 502) (1998). See also *U-Haul Co. of Arizona v. Rutland*, 348 Ga. App. 738, 748 (1) (824 SE2d 644) (2019).

7

judgment action is proper; otherwise, the trial court will be issuing an advisory opinion, and the . . . Act makes no provision for a judgment that would be advisory."[11]

> A will does not confer any present right at the time of its execution. Until the death of the testator, it . . . [is] ambulatory. It has been compared to an undelivered deed, which contains an expression of a purpose that has not gone into effect."[12] Furthermore, "[a] will may be changed or revoked by the testator at any time prior to the testator's death.[13]

Here, Kellar sought a declaratory judgment about the validity of Smith's 2013 Will. As the trial court concluded, because Smith was alive, the 2013 Will may be revoked, and she may execute a new will; therefore, any ruling determining its

---

[11] (Punctuation omitted.) *Walker*, 298 Ga. at 519, quoting *Baker*, 271 Ga. at 214 (1).

[12] *Payne v. Payne*, 213 Ga. 613, 614 (100 SE2d 450) (1957). See also *Colella v. Coutu*, 278 Ga. 440, 441 (603 SE2d 296) (2004).

[13] OCGA § 53-4-40.

8

validity would constitute an improper advisory opinion.[14] Accordingly, the trial court

properly dismissed Kellar's case.

*Judgment affirmed. Coomer and Markle, JJ., concur.*

---

[14] See *U-Haul*, 348 Ga. App. at 748 (1). And as Kellar points out in her brief, some other states have established ante mortem will contest procedures. See Alaska Stat. § 13.12.530; Ark. Code Ann. § 28-40-202 (a); 12 Del. C. § 1311; N.H. Rev. Stat. Ann. § 552:18; N.C. Gen. Stat. § 28A-2B-1; N.D. Cent. Code § 30.1-08.1-01. There is no specific statutory provision in Georgia, however, authorizing an ante mortem challenge to a will.