**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 1, 2022**

# In the Court of Appeals of Georgia

A21A1277. WALKER v. RICHMOND et al.

BARNES, Presiding Judge.

This appeal arises from estate litigation in Tennessee and involves issues related to property located in Cobb County, Georgia. The parties are residents of Tennessee. We granted Gloria Walker's application for discretionary review of the trial court's order denying her motion to set aside default judgment. In this ensuing appeal, Walker contends that the trial court erred in failing to set aside the default judgment as it granted declaratory relief that was based on future contingencies, and that the trial court's default judgment exceeded the relief requested in the complaint.[1]

---

[1] Richmond did not file a responsive brief, and while our rules do not require that an appellee file an appellate brief, see Court of Appeals Rule 23 (b), in such instances, we will accept Walker's representation of the "facts as prima facie true and decide the case on the basis of this [representation] and the evidence cited and quoted in support thereof." (Citation and punctuation omitted.) *Daniel v. Allstate Ins. Co.*,

Upon our review, and finding that the default judgment was entered on an improper basis such that there was a nonamendable defect on the face of the record, we reverse the trial court's denial of Walker's motion to set aside the judgment.

"On appeal from a trial court's denial of a motion to set aside a judgment under OCGA § 9-11-60 (d), this Court is limited to a consideration of only whether the trial court abused its discretion in refusing to set aside the default judgment under the limited statutory criteria." *Fred Jones Enterprises v. Williams*, 331 Ga. App. 481, 485 (2) (771 SE2d 163) (2015). "Where it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm. When the issue is a question of law, we owe no deference to the trial court's ruling and apply the plain legal error standard of review." (Citations and punctuation omitted.) *Laurel Baye Healthcare of Macon, LLC v. Neubauer*, 315 Ga. App. 474, 475 (726 SE2d 670) (2012).

Patricia Richmond, the only biological child of the deceased, Alfonso Patton, obtained a power of attorney before Patton's death and transferred his assets into joint accounts. She used funds from the accounts to purchase two homes, including one in

---

290 Ga. App. 898, 900 (1) (660 SE2d 765) (2008). See Court of Appeals Rule 25 (b) (1)*; Smith v. Smith*, 350 Ga. App. 647, 648 n. 2 (829 SE2d 886) (2019).

Cobb County (the "Cobb County property"). Richmond sold the Cobb County property to Charles and Tonya Lowe (her daughter), who then made mortgage payments to Richmond.

*The Tennessee Proceedings*

Prior to Patton's death, the conservators of Patton's "person and property" filed a petition in Tennessee alleging, among other things, that Richmond had breached her fiduciary duties, and sought to recover property and damages from Richmond and her husband, Ronnie Richmond. The conservators prevailed on summary judgment, and the Richmonds were found liable in the amount of $916,616 (the "Tennessee judgment"). The ruling was affirmed on appeal. See *In re Conservatorship of Patton*, No. M2012-01078-COA-R3-CV, 2014 WL 4803146 (Tenn. Ct. App. Sept. 26, 2014).

Patton died in 2013 and, although Richmond sought to have a new will probated naming her as Patton's beneficiary, the will was invalidated and found to be the result of undue influence. Patton's prior will naming Walker as the beneficiary was admitted to probate.

In May 2014, the Tennessee probate court entered an interlocutory order finding that the "mortgage payments on the [Cobb County] property being paid by [the Lowes] constitute an asset of the estate of [Patton]" (the "Tennessee 2014

probate order"). The probate court instructed that the mortgage payments be made to the temporary administrator of Patton's estate (a court designee, not Walker), until ordered otherwise. The probate court further ruled that "the mortgage note and Georgia security agreement are properly in the possession of the Temporary Administrator as an asset of the estate." The final Tennessee probate order was entered in January 2019, and the order "transferred and assigned" the judgment in the breach of fiduciary duty action to Walker for execution as the "residual beneficiary" of Patton's estate.

*Cobb County Proceedings*

In October 2017 – while the probate matter remained pending in Tennessee – the Richmonds filed a "Complaint for Foreclosure and Declaratory Judgment to Quiet Title" in the Superior Court of Cobb County against Walker and the Lowes.[2] Seeking to have the 2014 Tennessee probate order set aside, the Richmonds asserted that the Tennessee court did "not have the authority under the laws of any jurisdiction to resolve legal questions of title upon real property located within the jurisdiction of Georgia." The Richmonds also noted that the 2014 Tennessee probate order had not been domesticated in Georgia. The Richmonds thus requested "a declaratory

_____

[2] The Lowes are not parties to this appeal.

4

judgment voiding the operation of the [2014 Tennessee probate] order issued in the State of Georgia and barring its domestication in the State of Georgia."

On November 27, 2017, a nonlawyer, Akeem Jacob-Bey,[3] responded on Walker's behalf, purporting to act under a power of attorney. But see generally *In re Estate Wheeler*, 349 Ga. App. 716, 717 (1) (824 SE2d 715) (2019) (noting that power of attorney does not permit a layperson to represent another in a court of law). The response, styled as a "Judicial Notice," asserted, among other things, that the trial court lacked "subject matter" jurisdiction over Walker, and that Walker was a "secured party creditor" against Richmond with "first in line, first in time" status because of the Tennessee judgment.

On January 12, 2018, the Richmonds filed a motion for default judgment against Walker, asserting that Walker had failed to timely file an answer to their complaint, that the 15-day period to open the default had passed, and that Walker had "not entered any appearance in this case or otherwise responded to the complaint." A hearing was set on the motion, and Jacob-Bey appeared at the subsequent June 18, 2018 hearing where he again asserted that he represented Walker by virtue of a power

---

[3] Jacob-Bey identified Walker as his mother in the document.

of attorney, although he could not produce a power of attorney executed by Walker or any "legally enforceable document."[4]

On July 2, 2018, the trial court entered default judgment against Walker. While noting Jacob-Bey's various filings and attempts to appear in Walker's stead, the trial court ultimately ruled that Jacob-Bey "was a non-party to the suit and that . . . Walker was in default, having failed to answer the Complaint and Summons filed against her . . . . and failed to open the default as a matter of right." Pertinently, the order further provided as follows:

> The Court finds Defendant Walker has no valid legal interest in the [Cobb County] property[.] . . . Moreover, any filings made into the Clerk of Court's record and DEED BOOK by Defendant Walker or purportedly on behalf of Defendant Walker by her attorney-in-fact are null and void. The Court hereby terminates any and all interest asserted by Defendant Walker, her spouse, heirs, devisees, successors, assigns and anyone or anything in the whole world claiming under her, irrespective of the nature of such claim, in and to the [Cobb County] property[.] . . . Any future claims of Defendant Walker, her spouse, heirs, devisees, successors, assigns and anyone or anything in the whole world claiming under her, irrespective of the nature of such claims, in and to the above described named real property are barred.

---

[4] The transcript of the hearing is not included with the appellate record.

6

Walker subsequently obtained counsel and, in September 2020, she filed a motion to set aside the default judgment. Walker maintained that the trial court could not exercise personal jurisdiction over her through her interest in the property because she did not receive an interest in the Cobb County property until January 2019, when the Tennessee probate court entered its final order. Walker also argued that the default judgment was void "because declaratory relief may only address the respective parties' legal rights at the time of the controversy[.]" According to Walker, her legal rights at that time the default judgment was entered in 2018 were contingent on two future events – the entry of the 2019 Tennessee final probate order, naming her the beneficiary and assignee of the Tennessee judgment, and the domestication of the Tennessee judgment. Walker further asserted that the trial court exceeded its authority in forever barring any future claim Walker might have to the Cobb County property, and that the trial court's ruling exceeded the relief requested in the declaratory judgment petition. Walker maintained that the Richmonds' complaint only sought relief from the 2014 Tennessee probate order's direction as to the mortgage payments rather than the establishment of ownership of the Cobb County property, much less barring Walker from forever asserting a claim to that property.

Following a hearing on the motion, the trial court rejected these arguments.[5] Noting Walker's contacts with the trial court, including the filing of "voluminous documents," a personally signed judicial complaint, and her appearance in court, the court held that Walker had "waive[d] any defense of [the] Court's lacking personal jurisdiction over her." The trial court also discounted as meritless Walker's assertions related to the propriety of the declaratory judgment, reasoning that they were based on

> the premise that it is possible for Defendant Walker to obtain legal title over Georgia real property through a foreign Tennessee court. While the state gives full faith and credit to the judgment of its sister courts in neighboring jurisdictions, this does not extend to judgments regarding title to land within its own boundaries. The Georgia Supreme Court has noted courts of other states cannot grant relief in proceedings concerning Georgia real property. See *Schuehler v. Pratt*, 238 SE2d 65, 68 (Ga. 1977). . . . Actions respecting title to land must be brought in the county where the land lies. *Id*. at 67. . . . Therefore, it is impossible for Defendant Walker to gain legal title to Georgia real property through a Tennesse order. As such it was proper for the court to forever bar Defendant's Walker's claims on the [Cobb County] property[.]

---

[5] The November 16, 2020 hearing transcript was not included with the appellate record.

1. Walker first contends that the trial court erred in failing to set aside its default judgment that granted declaratory relief that was based on possible future contingencies. She notes two alleged contingencies that existed at the time the trial court entered the default judgment. According to Walker, her interest in the Cobb County property at issue in the Tennessee judgment did not ripen until she was declared the beneficiary by the 2019 Tennessee final probate order and that order was domesticated in Georgia. Both contingencies, she asserts, did not happen until after the default judgment, and thus her interest in the Cobb County property was hypothetical at the time of the entry of the default judgment in 2018. . Walker further maintains that by ruling that she was forever foreclosed from any interest in the Cobb County property, the trial court set up the possibly of inconsistent judgments by shielding the property from the over $900,000 Tennessee judgment, which included rights to the mortgage payments on the Cobb County property.

OCGA § 9-11-60 (d) provides that:

A motion to set aside may be brought to set aside a judgment based upon: (1) Lack of jurisdiction over the person or the subject matter; (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) A nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails

to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed.

"Where the record shows on its face that the default was entered on an improper basis, there is a nonamendable defect on the face of the record." (Citation and punctuation omitted.) *Oxmoor Portfolio, v. Flooring & Tile Superstore of Conyers*, 320 Ga. App. 640, 644 (2) (740 SE2d 363) (2013).

Relevantly, the Richmonds requested a declaratory judgment to void the operation of the 2014 Tennessee probate order directing that the mortgage payments be paid to the temporary administrator of Patton's estate. Although the Richmonds' complaint alleged that Walker claimed an interest in the Cobb County property based on the 2014 Tennessee probate order, which was attached to the complaint, the temporary administrator identified in that order was not Walker, and Walker was not mentioned in the 2014 Tennessee probate order.

"Georgia's Declaratory Judgment Act gives superior courts the power to declare rights and other legal relations of any interested party in cases of actual controversy and in any civil case in which it appears to the court that the ends of justice require that the declaration should be made." (Citation and punctuation omitted.) *Ga. Cas. & Sur. Co. v. Valley Wood, Inc*., 345 Ga. App. 30, 32 (1) (812

10

SE2d 94) (2018). "The words 'actual controversy' mean a justiciable controversy where there are interested parties asserting adverse claims on an accrued set of facts. For a controversy to justify the making of a declaration, it must include a right claimed by one party and denied by the other[.]" (Citation and punctuation omitted.) *Leitch v. Fleming*, 291 Ga. 669, 670 (1) (732 SE2d 401) (2012). Significantly, a "declaratory judgment will not be rendered based on a possible or probable future contingency."(Citation and punctuation omitted.) *Kellar v. Davis*, 350 Ga. App. 385, 389 (829 SE2d 466) (2019). To that end, "the relief sought by a plaintiff must have some immediate legal effect on the parties' conduct, rather than simply burning off an abstract fog of uncertainty." *City of Atlanta v. Atlanta Independent School System*, 307 Ga. 877, 880 (838 SE2d 834) (2020). Moreover,

> [a] declaratory judgment or decree is one which simply declares the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done; its distinctive characteristic being that the declaration stands by itself, and no executory process follows as of course; and the action is therefore distinguished from other actions in that it does not seek execution or performance from the defendant or opposing party.

*Clein v. Kaplan*, 201 Ga. 396, 403 (1) (40 SE2d 133) (1946).

11

Here, even assuming without deciding that there was a justiciable controversy given Walker's unripened interest in the Cobb County property at the time of the entry of the default judgment, we conclude that default judgment on its face exceeded the scope of a declaratory judgment.

In their complaint, the Richmonds requested a declaratory judgment to void the operation of the 2014 Tennessee probate order directing that the mortgage payments on the Cobb County property be paid to the temporary administrator, not Walker, of Patton's estate. And, "entry of a declaratory judgment that rules in a party's favor as to future litigation over the subject matter would constitute an erroneous advisory opinion." (Citation and punctuation omitted). *Strong v. JWM Holdings*, 341 Ga. App. 309, 315 (2) (800 SE2d 380) (2017) (concluding that counterclaim for declaratory relief was premature and sought an opinion that was advisory in nature, and thus the trial court lacked subject matter jurisdiction over the counterclaim). Here, nowhere on the face of the record does it appear that Walker had established any legal right to the Cobb County property at the time the default order granting the declaratory judgment was entered. Despite this omission, the trial court ruled that Walker could not pursue any litigation related to the Cobb County property. Such ruling constitutes an impermissible advisory opinion. See id; *Baker,* 271 Ga. at 213 (1) (entry of a

12

declaratory judgment constitutes an improper advisory opinion when it "rules in a party's favor as to future litigation over the subject matter"); *Chambers of Ga. v. Dept. of Natural Resources*, 232 Ga. App. 632, 634 (502 SE2d 553) (1998) (declaratory judgment claim seeking a judicial ruling on issues anticipated to arise if new administrative application was filed was inappropriate because it sought only an "advisory opinion so [as to] test the strength of [the opposing party's] anticipated future defenses").

Likewise, by barring any future claim by "Walker, her spouse, heirs, devisees, successors, assigns and anyone or anything in the whole world claiming under her, irrespective of the nature of such claims," the trial court exceeded the permissible scope of a declaratory judgment as the order did not simply declare the rights of the party at present. The sweeping order implicated rights Walker or "her spouse, heirs, devisees, successors, assigns and anyone or anything in the whole world claiming under her" could accrue in the future. See *Leitch*, 291 Ga. at 670 (1).

Thus, for the foregoing reasons, and concluding that there was a nonamendable defect on the face of the record, the trial court's default judgment was improperly granted. Accordingly, as the default judgment was entered against Walker on an improper basis, it should have been set aside pursuant OCGA § 9-11-60 (d) (3).

13

2. Given our holding in Division 1, we need not address Walker's remaining enumeration of error.

*Judgment reversed. Gobeil and Markle, JJ., concur.*