NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: April 19, 2022

S22A0179.  DAVENPORT v. WARD.

BETHEL, Justice.

We granted Gregory Davenport's application for a certificate of probable cause to appeal the denial of his petition for a writ of habeas corpus, identifying the following question: whether the habeas court erred in finding that a count of aggravated assault predicated on the use of a deadly weapon did not merge with Davenport's conviction for armed robbery. This appeal followed. Because we conclude that the habeas court erred with respect to that question, we reverse its judgment in part.

1. Relevant to this appeal, on July 24, 2015, a Floyd County grand jury jointly indicted Davenport and a co-defendant for armed robbery (Count 1), aggravated assault with intent to rob (Count 2),

and aggravated assault with a deadly weapon (Count 3).[1] Specifically, Count 1 charged Davenport with armed robbery by taking property "from the person and immediate presence of Floyd Roebuck, by the use of an offensive weapon, to wit: a handgun and firearm." Count 3 charged Davenport with aggravated assault by making "an assault upon the person of Floyd Roebuck, with a handgun and firearm, a deadly weapon."

On February 8, 2016, Davenport entered a non-negotiated guilty plea as to all counts, and he was sentenced on April 19, 2016. At Davenport's sentencing hearing, the State set forth the factual basis for Davenport's crimes. In relevant part, the State represented as follows:

> Roebuck stated he went to Kroger to pick up some groceries, and when he pulled into his parking space, he noticed an older model Nissan Altima, tan in color. . . . Roebuck said that when he came out of Kroger, he noticed the Nissan then parked near his vehicle. He then left Kroger and went straight home.
>
> [Roebuck] said he popped the trunk release lever, and then he turned to open his door. It was at that time, as

---

[1] Davenport and his co-defendant were also charged with five other counts not at issue in this appeal.

soon as he turned, he noticed a black male, [Davenport], in front of him with a gun pointed at him. [Davenport] said he looked at the gun, and [Davenport] said, "Yeah, it's loaded." [Roebuck] said the only other statement that [Davenport] made was, "Give me your wallet and your cell phone." [Roebuck] did as he was told because he was afraid, basically, that he would be killed.

[Roebuck] said as soon as [Davenport] got the money and the phone, he walked away from his car in a fast but not running manner. [Roebuck] saw [Davenport] getting in his car matching the one that had basically been watching him at Kroger.

At sentencing, the trial court concluded that Count 2, aggravated assault with intent to rob, merged into Count 1, armed robbery, because they were based on the same underlying transaction. However, the trial court also concluded that Count 3, aggravated assault with a deadly weapon, did not merge into Count 1 because the aggravated assault could have been committed without the intent to rob. The trial court sentenced Davenport to 20 years in prison on Count 1 and 20 years in prison on Count 3, to be served consecutively.[2]

---

[2] Davenport was also sentenced on some of the other counts, but those sentences are not at issue in this appeal.

On January 2, 2018, Davenport filed a pro se petition for a writ of habeas corpus against the Commissioner of the Department of Corrections,[3] alleging nine grounds of ineffective assistance of counsel. On May 21, 2018, Davenport filed an amended habeas petition alleging additional grounds for relief. Among other claims, the amended petition alleged that Count 3 should have merged with Count 1. The habeas court denied relief on each of Davenport's claims for relief on February 22, 2021.

Davenport filed a timely notice of appeal and a timely application for a certificate of probable cause to appeal. On September 21, 2021, this Court granted Davenport's application as to the merger claim.[4]

2. The State concedes the merger error alleged by Davenport,

---

[3] At the time Davenport filed his petition, Gregory Dozier was Commissioner of the Department of Corrections. Timothy Ward became Commissioner on February 18, 2019, and currently holds that position. Ward was substituted as the defendant in this case by operation of law. See OCGA § 9-11-25 (d) (1) ("When a public officer is a party to an action in his official capacity and during its pendency . . . ceases to hold office, . . . his successor is automatically substituted as a party.").

[4] Davenport is represented in this appeal by the Mercer Habeas Project at the Mercer University School of Law. We thank the faculty and students for their representation of Davenport in this appeal.

and we agree that both the trial court and the habeas court erred in their determinations that Count 3 should not have merged with Count 1. We have explained that "because there is no element of aggravated assault with a deadly weapon that is not contained in armed robbery, that form of aggravated assault will merge into armed robbery if the crimes are part of the same act or transaction." (Citation and punctuation omitted.) *Chambers v. Hall*, 305 Ga. 363, 365 (3) (825 SE2d 162) (2019); see also *Long v. State*, 287 Ga. 886, 889 (2) (700 SE2d 399) (2010) (holding that the "deadly weapon" requirement of aggravated assault under OCGA § 16-5-21 (a) (2) is the equivalent of the "offensive weapon" requirement of armed robbery under OCGA § 16-8-41 (a)).

Count 1 charged Davenport with armed robbery by taking property "from the person and immediate presence of Floyd Roebuck, by the use of an offensive weapon, to wit: a handgun and firearm." Count 3 charged Davenport with aggravated assault by making "an assault upon the person of Floyd Roebuck, with a handgun and firearm, a deadly weapon." As the State's recitation of

the evidence at Davenport's sentencing hearing makes clear, both of those charges arose from the same conduct — threatening Roebuck at gunpoint and demanding his wallet and cell phone. Accordingly, Count 3 merged into Davenport's conviction for armed robbery. "The trial court failed to recognize that merger and erroneously entered a conviction and sentence for the aggravated assault, which must be set aside." *Chambers*, 305 Ga. at 365 (3).

Based on the foregoing, the judgment of the habeas court is reversed in part. Davenport's remaining convictions are unaffected by this ruling.

*Judgment reversed in part. All the Justices concur, except Ellington, J., disqualified.*