**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 22, 2023**

# In the Court of Appeals of Georgia

A22A1537. ARMSTRONG et al. v. SOLICITOR GENERAL OF GWINNETT COUNTY.

MCFADDEN, Presiding Judge.

This case involves a dispute between the judges of the Gwinnett County Recorder's Court and the Gwinnett County Solicitor General[1] regarding the scope of a solicitor general's authority to select the court in which certain cases are to be tried. With exceptions not relevant here, a violation of a state traffic law that is also a violation of a local ordinance may, "at the discretion of the local law enforcement

---

[1]Since the filing of the petition, a new solicitor general was elected. She was substituted as the petitioner and appellee in this case by operation of law. OCGA § 9-11-25 (d) (1) ("When a public officer is a party to an action in his official capacity and during its pendency . . . ceases to hold office, . . . his successor is automatically substituted as a party."); *Davenport v. Ward*, 313 Ga. 603, 605 n.3 (1) (872 SE2d 281) (2022).

officer or prosecutor," be charged as a violation of either the state statute or the local ordinance. OCGA § 40-6-376 (a).

At issue are a set of cases which, if charged under state statutes, would be tried in Gwinnett State Court but, if charged as ordinance violations, would be tried in Gwinnett Recorder's Court. The solicitor general asserts the authority to direct that cases initially charged as ordinance violations be transferred to state court.

To that end, the solicitor general petitioned for a writ of mandamus and a declaratory judgment directing the recorder's court judges to execute certain documents. The superior court granted the writ and declaratory relief, and the judges have appealed. We hold that the underlying subject matter concerns rulings in criminal prosecutions from which the state has no ability to appeal. So the superior court erred by entertaining the solicitor general's petition, and we reverse.

1. *Background*.

The petition for a writ of mandamus and declaratory judgment alleged that the judges of the recorder's court are not respecting the solicitor general's decisions to remove contested cases involving charges of driving under the influence from recorder's court to state court. Specifically, the petition alleged that in 30 cases, the judges had refused to sign documents that it refers to as "notices of intent to proceed

on state charges and remove the case to state court" or "bind over elections" or "solicitor's election under OCGA § 40-6-376." It alleged that their refusal to sign prevents the "original bond paperwork" from being transferred from recorder's court to state court. It alleged that the judges "continued to conduct hearings and issue rulings" in the cases. It alleged that the judges are forcing the state to file dismissals in the recorder's court and begin the prosecutions anew in state court and that beginning prosecutions anew: terminates the bond, depriving the state court of the ability to ensure that the defendant will appear; creates discrepancies between a defendant's criminal history and driving history; and creates issues with administrative license suspensions.

The solicitor general asked the court to issue a mandamus requiring the judges to sign the state's elections to proceed on state charges; to sign the state's bind over requests; and to release original bond paperwork. The solicitor general also asked the court to declare: that the state has the right under OCGA § 40-6-376 (a) to prosecute certain traffic offenses as state statute offenses instead of ordinance violations; that by refusing to sign the "Solicitor's Election Under OCGA § 40-6-376" in all cases in which one has been filed, the judges interfere with the state's right to proceed on state offenses; that the recorder's court lacks jurisdiction over cases in which the state has

3

filed a "Solicitor's Election Under OCGA § 40-6-376"; and that by failing to sign bind over requests on demands for jury trials, the judges unnecessarily delay criminal defendants' right to jury trials.

The superior court conducted a hearing and entered an order granting the solicitor general's petition. The order declared that the solicitor general's election to transfer a case from recorder's court to state court is not subject to the recorder's court judge's discretion; that refusing to bind over a case in which the solicitor general has filed a notice of election to try the case as a state offense interferes with the state's right to proceed in state court; that once the case is bound over upon the state's election, the recorder's court loses jurisdiction; and that defendants are not required to make new bonds once their cases are bound over. . The order directed the recorder's court judges to timely bind over and transfer cases for prosecution in state court upon the solicitor general's election to pursue prosecutions as state offenses.

The recorder's court judges filed a motion for reconsideration and a motion for new trial, arguing that under section 23 of the 1972 local act that established the Gwinnett County Recorder's Court, they have the discretion to grant or deny the solicitor general's request to transfer a case to state court. That section of the local act does provide that the recorder's court judge "on his own motion and within his sole

4

discretion may bind over any case for trial and disposition, after first setting bond, to the State or Superior Court of Gwinnett County where the offense would constitute a violation of a [s]tate law." Ga. L. 1972, p. 3133, § 23. The superior court denied the judges' motions and this appeal followed.

The superior court was without jurisdiction and should have dismissed the petition without reaching the merits. So we reverse. "The [s]tate is permitted to take appeals in criminal cases only to the extent expressly authorized by statute." *State v. Andrade*, 298 Ga. 464 (782 SE2d 665) (2016). A recorder's court judge's refusal to sign a document reflecting the solicitor general's election to prosecute a case as a state offense and to transfer a case from recorder's court to state court is not subject to challenge by the state because there is no provision for appeals from such rulings in OCGA § 5-7-1. *Gardhigh v. State*, 309 Ga. 153, 162 (5) (b) (844 SE2d 821) (2020) (state is only authorized to appeal in circumstances listed in OCGA § 5-7-1). See also *State v. Tyson*, 273 Ga. 690, 693 (1) (544 SE2d 444) (2001) (state's right of certiorari under OCGA § 5-7-3 is limited to situations specified in OCGA § 5-7-1); *Smith v. Gwinnett County*, 246 Ga. App. 865, 867 (1) (b) (542 SE2d 616) (2000) ("proper procedure for appealing decisions from a county's recorder's court is by certiorari to

5

the superior court"). Cf. OCGA §§ 5-7-1 (a), (c) (granting the state the right to appeal a superior court order transferring a case to the juvenile court under certain statutes).

Prosecutors may not circumvent those limitations on their statutory right to appeal.

> Here, the [s]tate, in the person of the [solicitor general], has attempted to avoid this restriction by attacking the alleged [recorder's court] policy . . . through the device of a writ of mandamus . . . . However, as the underlying subject matter concerns rulings allegedly made in criminal prosecutions, and from which the [s]tate has no ability to appeal, the trial court erred by considering the petition for mandamus and . . . its ruling thereon must be reversed.

*Magistrate Court v. Fleming*, 284 Ga. 457, 458 (667 SE2d 356) (2008). Moreover, the solicitor general is not seeking to challenge any specific ruling in a particular case, but rather an alleged policy of the recorder's court judges. "While a writ of mandamus will issue to compel a due performance of specific official duties, it will not lie to compel a general course of conduct or the performance of continuous duties . . . ." *Dean v. Gober*, 272 Ga. 20, 23 (2) (524 SE2d 722) (1999) (citation and punctuation omitted).

The petition is not saved by its prayer for declaratory relief. Under the Declaratory Judgment Act, OCGA § 9-4-1 et seq., a superior court may declare rights

6

where there is a justiciable controversy between interested parties asserting adverse claims on an accrued set of facts. *Leitch v. Fleming*, 291 Ga. 669, 670 (1) (732 SE2d 401) (2012). The dispute between the solicitor general and the recorder's court judges "is not a controversy between two adverse parties [because a] judge acting in an official capacity in a criminal case is not an adverse party with interests antagonistic to those of the [s]tate or the defendant, but instead serves in the role of a neutral decision maker." Id.

"Besides cases involving actual controversies, the superior courts have the power to settle justiciable controversies of a civil nature when it appears that the ends of justice require that a declaration be made." *Leitch*, 291 Ga. at 671 (2). But here, the underlying decisions that the solicitor general challenges arise in criminal cases. Id. at 671-672 (2) (a). So the request for declaratory relief fails. Id. at 671 (2).

For these reasons, we reverse the superior court order granting the solicitor general mandamus and declaratory relief.

*Judgment reversed. Gobeil and Land, JJ., concur*.