28200. FOURTH NATIONAL BANK OF COLUMBUS v. GRANT.

GUNTER, Justice. This is the second appearance of this case in this court. Our former decision is reported at 229 Ga. 855 (194 SE2d 913).

The appellant here is the administrator of the estate of Blanchard Anthony who died on December 21, 1970. After Anthony's death the appellee, Mrs. Grant, notified the administrator that she claimed title to a tract of land conveyed to her by a deed to secure debt from Anthony. She claimed absolute title to the tract pursuant to her agreement with Anthony made during his

lifetime, and she contended that under the written agreement, and by virtue of Anthony's death without having paid her the indebtedness described in the agreement, the administrator and the estate had no right, title, or interest in the tract of land.

After being notified of the claim the administrator brought an action in the trial court against Mrs. Grant seeking to have her claim determined null and void and seeking to have determined the amount of indebtedness, if any, owed by the estate to Mrs. Grant.

Mrs. Grant filed her counterclaim which sought to establish her absolute title to the tract of land. The case was tried, resulting in a judgment in favor of the administrator with respect to the invalidity of Mrs. Grant's claim to absolute title to the tract; but judgment was rendered in favor of Mrs. Grant with respect to the total amount of indebtedness due, as described in the agreement, plus interest.

Both parties appealed to this court. We reversed the judgment on the main appeal (Mrs. Grant's), holding that her claim made against the administrator for absolute title to the tract stated a claim for relief; and we affirmed the judgment on the cross appeal (the administrator's). See *Grant v. Fourth Nat. Bank of Columbus,* 229 Ga. 855, supra.

Following the decision by this court and upon the return of the case to the trial court both sides made motions for summary judgment. The trial court awarded summary judgment in favor of Mrs. Grant, decreed absolute title to the tract to be in her, and denied the administrator's motion for summary judgment. The administrator has now appealed, contending that the summary judgment awarded in favor of the appellee was erroneous.

In the original decision by this court in this case we held that the agreement between Mrs. Grant and Mr. Anthony consisted of three documents, a letter, a note, and a security deed, entered into contemporaneously between these parties. There we said: "A study of the letter, note and security deed requires, in our view, the conclusion that they constitute a single transaction. They were executed at the same time, and between the same parties, and witnessed by the same person. The letter, instead of contradicting the security deed and note, merely provides for an alternative method of collecting the debt. By these three documents Mrs. Grant lent Mr. Anthony ten thousand dollars, and took title to the land subject to the right of redemption. Mrs. Grant also had the right to foreclose or sue at law if the debt was

not paid, or to acquire the property in lieu of the indebtedness after Mr. Anthony's death if not already paid by him."

The letter, a part of the agreement, said: "This letter is to confirm our agreement entered into this date wherein I agree with you that if I die before this money is repaid that you may have this property, if you are in life, for the amount of said security deed."

The evidence at the original trial of the case showed that the indebtedness owed by Anthony to Mrs. Grant had not been paid by him at the time of his death. Likewise, the summary judgment evidence in this record does not create a fact issue on this point.

It is factually clear that at the time of Anthony's death the legal title to the subject tract of land was in Mrs. Grant by virtue of the security deed; the security deed provided: "Grantee agrees to cancel this deed in accordance with the provisions of the Code of the State of Georgia as are now in force concerning the cancellation of security deeds, when grantor shall have paid the indebtedness hereby secured and complied with all covenants and obligations herein."; and the letter, executed contemporaneously with the deed, provided: "... I agree with you that if I die before this money is repaid that you may have this property, if you are in life, for the amount of said security deed."

Code § 67-1301 provides that conveyance by deed to secure debt "shall pass the title to said property to the grantee until the debt or debts which said conveyance was made to secure shall be fully paid, and shall be held by the courts to be an absolute conveyance, with the right reserved by the grantor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured *agreeably to the terms of the contract, . . .*"

By the terms of the contract in this case, the security deed, Anthony was entitled to reconveyance to him if he paid the debt prior to his death. By the terms of the contract in this case, the letter, Anthony was not entitled to reconveyance if he had not paid the debt at the time of his death and if the grantee was in life at the time of his death.

We hold that these two distinct provisions of the contract are not in conflict. The provision in the deed provided for reconveyance of absolute title to Anthony upon the occurrence of an event, payment. The contractual provision in the letter provided that there need not be a reconveyance of absolute title to Anthony upon the occurrence of certain events which were: nonpayment of the debt, the death of Anthony, and the continuance in life of

the grantee.

We therefore hold that there was no factual issue with respect to nonpayment of the debt at the time of the death of Anthony, and the award of summary judgment in favor of the appellee by the trial court was proper.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1973 — DECIDED JANUARY 28, 1974 — REHEARING DENIED FEBRUARY 18, 1974.

*Henson & Waldrep, Kenneth M. Henson, Gambrell & Mobley, David H. Gambrell,* for appellant.

*Hirsch & Hodges, M. Douglas Hodges, Jacob Beil, Milton Hirsch, John P. Partin,* for appellee.