30960. NATIONAL BANK & TRUST COMPANY v. GRANT.

HILL, Justice.

The plaintiff below, administrator of the estate of Blanchard Anthony who died intestate on December 21,

1970, appeals from an order granting the defendant's motion to dismiss for failure to state a claim upon which relief could be granted. This is the fourth appearance of these parties before the appellate courts of this state, previous decisions being reported in 229 Ga. 855 (194 SE2d 913) (1972), 231 Ga. 692 (203 SE2d 517) (1974), and 135 Ga. App. 798 (219 SE2d 12) (1975).

In the present action, the plaintiff bank filed a complaint seeking judgment for a pro rata share of state and federal estate taxes paid by the plaintiff as a result of the defendant's property being included in Anthony's estate for tax purposes. The plaintiff argues (1) that the defendant is a beneficiary of the estate and (2) that Georgia law requires that beneficiaries shall pay a pro rata share of the taxes attributable to their portion of the estate. The defendant contends (1) that she is a creditor of the decedent; i.e., that she owned legal title to the property before his death, and does not take as a beneficiary, and (2) that even if she were a beneficiary she is not liable for any portion of estate taxes paid by the plaintiff. Because of the disposition of the first issue presented, we do not reach the second issue.

After the pleadings were filed, plaintiff moved for summary judgment. Defendant moved for summary judgment, or alternatively to dismiss for failure to state a claim upon which relief could be granted. Hearing on all motions was set for November 12, 1975. Both parties were represented by counsel. Argument on the motion to dismiss was heard first, and the trial judge issued an order granting the motion to dismiss.

The facts are not in dispute. In 1962, Blanchard Anthony entered into an agreement with the defendant that the defendant would loan Anthony $10,000 to be evidenced by a promissory note secured by a security deed to 109.1 acres of land in Muscogee County. The parties agreed that if the loan was not repaid at the time of Anthony's death and the defendant was still alive, she could take the property described in the security deed in satisfaction of the debt. This agreement was evidenced by a letter from Anthony to the defendant on the same date as the date on which the promissory note and security deed were executed.

After Anthony's death with the debt unpaid, the plaintiff was appointed administrator of Anthony's estate and filed suit for cancellation of the security deed. The defendant counterclaimed for specific performance of the contract vesting title to the land in her or for a judgment in the amount of the note plus interest. This court in *Grant v. Fourth Nat. Bank of Columbus,* 229 Ga. 855 (194 SE2d 913) (1972), found that the promissory note, security deed and contract were not testamentary in character, but constituted an agreement which conveyed an immediate interest to the defendant. "Upon execution of those instruments there was an immediate conveyance of the title to the land involved here, subject to the equity of redemption. There was also the *immediate creation of the relationship of debtor and creditor." Grant,* supra, p. 867. (Emphasis supplied.)

In the second appearance of these parties before this court, in upholding the grant of summary judgment for the defendant the court stated: "It is factually clear that at the time of Anthony's death the legal title to the subject tract of land was in Mrs. Grant by virtue of the security deed. . . Code § 67-1301 provides that conveyance by deed to secure debt 'shall pass the title to said property to the grantee until the debt or debts which said conveyance was made to secure shall be fully paid. . .' By the terms of the contract in this case, the security deed, Anthony was entitled to reconveyance to him if he paid the debt prior to his death. By the terms of the contract in this case, the letter, Anthony was not entitled to reconveyance if he had not paid the debt at the time of his death and if the grantee was in life at the time of his death." *Fourth Nat. Bank of Columbus v. Grant,* 231 Ga. 692, 694 (203 SE2d 517) (1974).

It is clear from the foregoing facts and the prior decisions of this court that the defendant was a creditor of Blanchard Anthony, not a beneficiary of his estate. In addition, she had the contractual right at Anthony's death to take the land to which she possessed legal title by virtue of the security deed in return for cancellation of the $10,000 debt which was owed to her at that time. She elected to exercise that right.

The defendant had a contract, giving her an option,

which was binding on the estate. Insofar as that contract gave her the option to receive payment of the promissory note, she was a creditor of the estate. Insofar as that contract gave her the option to receive satisfaction of the promissory note by transfer of the equity of redemption, she was still a creditor of the estate. Plaintiff has not shown and we do not find that a creditor of an estate must or should reimburse the personal representative for a pro rata share of the estate taxes attributable to assets conveyed to the creditor in payment of a debt owed by the estate.

It is clear that plaintiff is not entitled to recover from Mrs. Grant, a creditor of the estate, a pro rata share of estate taxes.

Plaintiff also enumerates as error the grant of the defendant's motion to dismiss on the grounds that the trial court based its decision on matters outside the pleadings and entered findings of fact when no evidence was presented. The findings of fact consisted of a recitation of the undisputed history of the case as set forth in the earlier appellate decisions and in the pleadings. The defendant had moved in the alternative for a summary judgment or to dismiss. Both parties had notice of the hearing and were present. On motion to dismiss, a trial judge is authorized to hear matters outside the pleadings and treat the motion as one for summary judgment where the opposing party has notice as provided by Code § 81A-156. Code § 81A-112 (b). The trial court did not commit reversible error by the title given its order.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 12, 1976 — DECIDED JULY 9, 1976 — REHEARINGS DENIED JULY 20 AND JULY 26, 1976.

*Henson, Stapleton & Cheves, G. David Stapleton, III,* for appellant.

*Hirsch, Beil & Partin,* for appellee.