## 63735. ADKERSON v. GEORGIA POWER COMPANY et al.

SHULMAN, Presiding Judge.

Georgia Power Company condemned an easement across a parcel of land in Pike County. Appellee Harwell was in possession of the land under a warranty deed from one Jones. That deed was subject to a deed to secure debt executed by Jones in favor of appellant Adkerson. Harwell and Adkerson both claimed the entire fund. Based on the Florida case of Investors Syndicate of America v. Dade County, 98 S2d 889, the trial court apportioned the award 90% to Harwell and 10% to Adkerson. This appeal is from that judgment.

Our research has produced no Georgia case or statute directly addressing the situation with which we are faced in this case. We have, however, found both a statute and a case which have guided us to our decision.

"Whenever any person in this State conveys any real property by deed to secure debt to any person loaning or advancing said grantor any money or to secure any other debt and shall take a bond for title back to said grantor upon the payment of such debt or debts or shall in like manner convey any personal property by bill of sale and take an obligation binding the person to whom said property is conveyed to reconvey said property upon the payment of said debt or debts, such conveyance of real or personal property shall pass the title of said property to the grantee until the debt or debts which said conveyance was made to secure shall be fully paid, and shall be held by the courts to be an absolute conveyance, with the right reserved by the grantor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured agreeably to the terms of the contract, and not a mortgage. No bond for title or to reconvey shall be necessary where such deed shows upon its face that it is given to secure a debt." Code Ann. § 67-1301.

In *Fourth Nat. Bank v. Grant,* 135 Ga. App. 798 (219 SE2d 12), this court reviewed a declaratory judgment entered in an action between competing claimants for a condemnation award. The plaintiff in that action was the holder of a deed to secure debt. We noted that the Supreme Court had already established in the same action that the plaintiff, by virtue of the execution of the deed to

secure debt and by the operation of Code Ann. § 67-1301, was the holder of fee simple title to the land involved. See *Fourth Nat. Bank v. Grant,* 231 Ga. 692 (203 SE2d 517). For that reason, we affirmed the trial court's ruling that the plaintiff, as record owner of the land in question, was "entitled to that portion of the proceeds of a condemnation . . . (which condemnation proceedings were commenced after she had acquired fee simple title as grantee by the execution of the deed to secure debt) which applied to the property included in the security deed." 135 Ga. App. 798, supra.

We find the quoted code section and the cited case to be controlling authority for this case. Adkerson, as record owner of the land condemned, is entitled to the condemnation award.

That conclusion does not, however, end the inquiry in the present case. In *Fourth Nat. Bank v. Grant,* 135 Ga. App. 798, supra, this court was not concerned with the interests of the grantor of the deed to secure debt: the grantor had died and, by the terms of the agreement between him and the grantee, all the grantor's interest in the property vested in the grantee upon the grantor's death. Here, however, the grantor is very much present and insistent that he has been harmed by the condemnation and should be compensated therefor. We agree.

Code Ann. § 67-1301 provides that the grantor of a deed to secure debt has ". . . the right reserved . . . to have [the] property reconveyed to him upon the payment of the debt . . ." In the present case, the property to be reconveyed will be less than that which was conveyed to Adkerson by the security deed. Simple justice demands that some recompense be made. We find it appropriate that the award to which the holder of the security deed is entitled be applied to the debt secured by the deed. In that way, both of the parties owning interests in the property taken will receive compensation: the holder of the deed to secure debt will receive the funds and the grantor of the deed to secure debt (or, as in this case, the successor of the grantor) will have his debt reduced by the amount of the award, an amount which has been judicially determined to be the value of the property taken.

We are not persuaded by Investors Syndicate of America v. Dade County, supra, on which the lower court relied. There, the 90%-10% division came about because the portion of the land taken was determined to be 10% of the entire tract and the court decided that the security of the holder had been reduced by that percentage. Those considerations have no application in the present case.

Our conclusion, based on the reasoning set out above, is that the trial court erred in its apportionment of the proceeds of the condemnation. Appellant is entitled to the entire fund and appellee is

entitled to have that amount applied to his debt. The judgment of the trial court must be reversed and the case remanded for entry of a judgment consistent with our holding.

*Judgment reversed. Birdsong and Carley, JJ., concur.*

DECIDED JUNE 22, 1982 —
REHEARING DENIED JULY 9, 1982 —

*Walker Chandler,* for appellant.
*Robert H. Smalley, Grover Anderson, John C. Reid, Don Snow,* for appellees.