39023. HARWELL v. GEORGIA POWER COMPANY et al.

WELTNER, Justice.

Certiorari was granted to determine whether the grantee of a security deed is entitled to receive the entire proceeds of a condemnation award for partial, involuntary taking of the property conveyed by the security deed. The Court of Appeals answered that question in the affirmative. *Adkerson v. Ga. Power Co.,* 163 Ga. App. 8 (292 SE2d 551) (1982). The trial court had apportioned the award between the grantor and grantee of the security deed on the theory that in a partial taking of the property the grantee of the security deed is entitled to so much of the award only as shall be necessary to compensate the grantee for his interest *in the part taken.* Investors Syndicate of America, Inc. v. Dade County, 98 S2d 889 (Fla. App. 1957).

We have located no authority in Georgia which is directly in point, but we note that a proper construction of OCGA § 44-14-60 (Code Ann. § 67-1301) does not require the entire proceeds to be allocated to the grantee of the security deed, inasmuch as both grantor and grantee have an interest in property conveyed by security deed, and hence a right to compensation upon condemnation. *Chilivis v. Tumlin Woods Realty Assoc.,* 250 Ga. 179 (297 SE2d 4) (1982); *Hennessy v. Woodruff,* 210 Ga. 742, 744 (4) (5) (82 SE2d 859) (1954); *C. & S. Bank v. Realty Sav. &c. Co.,* 167 Ga. 170, 171 (1) (144

SE 893) (1928). Further, we believe the rule applied by the trial court to be more equitable than allowing the grantee to recover the entire proceeds, inasmuch as the burden of financing litigation in contested condemnation proceedings will in most cases fall upon the grantor.

Accordingly, the judgment of the trial court should be affirmed.

*Judgment reversed. All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED JANUARY 4, 1983.

*Robert H. Smalley, Jr., Richard J. Dreger,* for appellant.
*Walker L. Chandler, Don E. Snow,* for appellees.