A90A0219. SHRADER v. HOPKINS et al.
A90A0220. SHRADER v. EVANS et al.
(394 SE2d 538)

McMURRAY, Presiding Judge.

On November 16, 1988, plaintiff, an inmate at Metro Correctional Institute ("Metro"), brought this action pro se against David C. Evans, Commissioner of the Department of Corrections, Mary Esposito, Metro's warden, Grady Lewis, Metro's former warden, Hugh Brown, Metro's deputy warden, William Hopkins, M.D., medical director of the Department of Corrections, Nathaniel A. Lopey, M.D., a physician, and France Grace Ward, a nurse. In his complaint, plaintiff sought damages for alleged medical malpractice and, pursuant to 42 USC § 1983, for alleged civil rights violations resulting from constitutionally improper medical care. In particular, plaintiff alleged that, on November 3, 1986, he fell and broke his ankle at Metro and that, thereafter, he received improper treatment at the hands of defendants. Defendants answered the complaint and denied liability.

Defendants Hopkins and Lopey separately moved for summary judgment; defendants Evans, Esposito, Lewis and Brown jointly moved to dismiss the complaint on statute of limitation grounds. In support of their summary judgment motion, defendants Hopkins and Lopey submitted affidavits wherein they deposed that, in treating plaintiff, the physicians and health care providers exercised the degree of care and skill exercised by the medical profession in general under similar circumstances; that no act or omission on the part of any physician or health care provider caused or contributed to plaintiff's alleged injuries; and that no health care provider was deliberately indifferent to any serious medical needs of plaintiff.

The trial court awarded summary judgment to defendants Hopkins and Lopey and it granted the motion to dismiss, in part, ruling that any claims arising prior to November 16, 1986, were time barred. Plaintiff appeals. *Held*:

1. The trial court properly applied a two-year statute of limitation to the 42 USC § 1983 claim. *Wilson v. Garcia*, 471 U. S. 261 (105 SC 1938, 85 LE2d 254). See also *Henson v. American Family Corp.*, 171 Ga. App. 724, 731 (8) (321 SE2d 205).

2. The trial court did not err in awarding summary judgment to defendants Hopkins and Lopey on the medical malpractice claim and the 42 USC § 1983 claim. *Johnson v. Jones*, 178 Ga. App. 346, 350, 351 (343 SE2d 403). Defendants' affidavits established that plaintiff's care and treatment was in accordance with the standard of care exercised by the medical profession and that defendants were not deliberately indifferent to plaintiff's serious medical needs. Plaintiff presented no expert opinions or facts in rebuttal.

*Judgments affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED APRIL 9, 1990 —
REHEARINGS DENIED APRIL 25, 1990 AND MAY 15, 1990 — ■

Terry Shrader, *pro se.*

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, William B. Hill, Jr., Deputy Attorney General, Daryl A. Robinson, Michael E. Hobbs, Senior Assistant Attorneys General, Sullivan, Hall, Booth & Smith, Terrance Sullivan, Michael A. Pannier,* for appellees.