## A92A0628. SPIEZIO v. AMERICAN GENERAL FINANCE, INC.
### (419 SE2d 149)

POPE, Judge.

Appellant/plaintiff Salvatore Spiezio appeals from the trial court's grant of summary judgment in favor of appellee/defendant American General Finance, Inc. Plaintiff brought suit in both tort and contract alleging defendant wrongfully demanded full payment on a five-year promissory note only two months after the loan was consummated.

On October 12, 1991, plaintiff obtained a second mortgage on property located in Chamblee, Georgia, from defendant in the principal amount of $98,187.42 for a five-year term (the "loan"). Shortly after the loan closed, plaintiff reached an agreement with the Georgia Department of Transportation ("DOT") to convey to DOT access rights in the property for consideration in the amount of $210,000. Plaintiff agreed to convey the access right to DOT in lieu of condemnation. At the closing, DOT insisted that all mortgage lenders for that property consent to the execution of the conveyance of the access rights to DOT and to waive their interests under the deeds to secure debt they held on the property as to the access right's conveyed. Defendant refused to consent to the plaintiff's conveyance of access rights to the property and to waive its interests under the deed to secure debt. Therefore, plaintiff completed his deal with DOT and under protest paid the second mortgage in full.

1. With regard to plaintiff's claim of breach of contract against defendant, we find that the trial court did not err in granting defendant summary judgment on those claims. While none of the loan documents contained a specific condemnation provision, the deed to secure debt contains the following provision: "If not prohibited by law or regulation, this Deed to Secure Debt and all sums hereby secured shall become due and payable at the option of mortgagee and without notice to Grantor forthwith upon the conveyance of Grantor's title to all or any portion of said mortgaged Grantor's title to all property and premises, or upon the vesting of such title in any manner in persons or entities other than, or with, Grantor unless the purchaser or transferee assumes the indebtedness secured hereby with the consent of the beneficiary." Pursuant to that provision, defendant clearly had the right to demand payment in full under the mortgage since plaintiff planned to convey a portion of title to the property securing the mortgage to DOT. Furthermore there is nothing in the loan documents obligating defendant "to agree to the sale and place itself in a less secure position with respect to the [second mortgage it held]." *Ambase Intl. Corp. v. Bank South*, 196 Ga. App. 336, 339 (3) (395 SE2d 904) (1990).

2. Plaintiff further argues that the trial court erred in concluding

the lender could insist that the borrower pay his loan in full merely because the lender concluded that their original 65% loan to value requirement was no longer met after the conveyance to DOT. A review of the trial court's order granting defendant summary judgment, however, reveals that the trial court did not reach such a conclusion and the only mention of the 65% loan to value requirement was in a section of the order in which the contentions of the parties were set forth. This enumeration of error is without merit.

3. Defendant contends the trial court erred in failing to hold that *Harwell v. Ga. Power Co.*, 250 Ga. 435 (298 SE2d 498) (1983) was controlling in regard to the amount of compensation the lender was entitled to demand in exchange for its consent to the borrower's conveyance of access rights to DOT. In *Harwell*, the Georgia Supreme Court held that in a condemnation proceeding both the grantor and grantee under a security deed have an interest in the property conveyed and are both entitled to an equitable amount of compensation for their respective interests. In this case, however, the plaintiff conveyed the property to DOT in lieu of condemnation. Accordingly, the decision in *Harwell* is not controlling.

4. Plaintiff asserts that the trial court erred in granting defendant summary judgment on his tortious claims against defendant for misrepresentation, fraud in the inducement and wrongful acceleration of a loan. Assuming arguendo that defendant's conduct can be considered an acceleration of the loan, for the reasons discussed in Division 1, we find no merit to plaintiff's contention that defendant wrongfully accelerated the loan. With regard to plaintiff's other claims of tortious conduct, plaintiff alleges he informed defendant of his negotiations with DOT and defendant expressly promised plaintiff the loan would not be called as a result of plaintiff conveying certain access rights to DOT. Plaintiff concedes in his brief that a promise made with regard to a future event cannot constitute actionable fraud, unless there is a showing of present intent not to perform. *Sams v. Duncan & Copeland, Inc.*, 153 Ga. App. 765 (2) (266 SE2d 546) (1980), overruled on other grounds, *Wood v. Dan P. Holl & Co.*, 169 Ga. App. 839 (315 SE2d 51) (1984). Plaintiff failed to meet its burden on motion for summary judgment of presenting evidence of defendant's intent at the time of the alleged promise.

Furthermore, prior and contemporaneous agreements cannot vary, contradict or change the terms of a valid written agreement, which purports on its face to contain all the terms of the agreement between the parties. " 'Making and violating a contemporaneous parol agreement inconsistent with the writings would not be such fraud as would permit a varying of the written instrument, even if pleaded as fraud, no sufficient reason appearing why the agreement was not incorporated in the writings.' [Cit.]" *Hodge Residential v. Bankers*

*First Federal &c.,* 199 Ga. App. 474, 476 (405 SE2d 302) (1991). The trial court did not err in granting defendant summary judgment as to plaintiff's tortious claims.

5. Finally, plaintiff alleges the trial court erred in determining that OCGA § 13-1-13 barred plaintiff's claims against defendant because he is not seeking to recover any payments made to defendant, but is instead seeking damages against defendant for breach of contract and in tort. It is well-settled that a judgment that is right for any reason will be affirmed. *Dunwoody-Woodlands Condo. Assn. v. Hedquist,* 199 Ga. App. 91 (2) (403 SE2d 893) (1991). For the reasons set forth above, we hold that summary judgment was proper concerning all claims asserted by plaintiff against defendant. Regardless of whether the trial court properly applied OCGA § 13-1-13, the trial court's grant of summary judgment in favor of defendant was correct for the reasons set forth in the preceding divisions.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 27, 1992.

*Hudspeth, Williams & Petersen, Dean A. Williams,* for appellant.

*Prior & Buser, Thomas E. Prior, 0. Byron Meredith III,* for appellee.