A92A2191. DAY v. BROWN et al.
(427 SE2d 104)

ANDREWS, Judge.

Day, acting pro se, brought a suit naming as defendants, Brown, Dykes, and the DeKalb County Police Department. Brown and Dykes, the only defendants involved in this appeal, were sued in their capacities as DeKalb County police officers for actions taken while in the performance of their official duties. In general terms, the complaint alleges that while acting under color of state authority, the officers illegally took Day's gold chain and certain other unspecified personal property belonging to the plaintiff. Both officers filed answers denying that they illegally took any property from the plaintiff, and showing that certain property, including a gold chain, was taken from Day's residence pursuant to their execution of a duly issued search warrant. The defendants moved for dismissal of the action based on its failure to state a claim under OCGA § 9-11-12 (b) (6), and based the defense of the statute of limitation applicable to actions brought pursuant to 42 USC § 1983 for deprivation of constitutional rights. The trial court made no ruling on the basis of OCGA § 9-11-12 (b) (6), but granted the defendants' motion to dismiss the action, finding that it was barred by the statute of limitation applicable to actions brought pursuant to 42 USC § 1983.

1. We agree with the trial court that to the extent the complaint may be interpreted as an action under 42 USC § 1983,[1] cognizable by

---

[1] We assume, without deciding, that the allegations of appellant's pro se complaint were sufficient to state a claim pursuant to 42 USC § 1983. To state such a claim, a plaintiff "must allege that the defendant is a person who deprived him of a constitutional right while acting under color of state law or custom." *Davis v. City of Roswell*, 250 Ga. 8, 9 (295 SE2d 317) (1982).

the courts of this state, it is barred by the two-year limitation period of OCGA § 9-3-33. Because Congress provided no specific statute of limitation to govern actions brought pursuant to 42 USC § 1983, the United States Supreme Court has endorsed the policy of borrowing the state limitation period governing analogous actions under state law. *Henson v. American Family Corp.*, 171 Ga. App. 724, 731 (321 SE2d 205) (1984). In applying this policy, the Supreme Court has concluded that "based upon the legislative history of § 1983 and the wide array of claims now embraced by that provision, that § 1983 confers a general remedy for injuries to personal rights. . . . [Since such claims] are best characterized as personal injury actions . . . a State's personal injury statute of limitations should be applied to all § 1983 claims." *Owens v. Okure*, 488 U. S. 235 (109 SC 573, 102 LE2d 594, 600) (1989) (citations and punctuation omitted); *Wilson v. Garcia*, 471 U. S. 261 (105 SC 1938, 85 LE2d 254) (1985). Thus, whether the 42 USC § 1983 action is based on a personal injury claim, a claim of conversion, or any other type of claim, the applicable limitation period is the two-year period for personal injury set out in OCGA § 9-3-33. See *Shrader v. Hopkins*, 195 Ga. App. 639, 640 (394 SE2d 538) (1990); *Williams v. City of Atlanta*, 794 F2d 624 (11th Cir. 1986). Since the complaint was filed more than two years after the accrual of the stated cause of action, the 42 USC § 1983 claim was barred by the applicable statute of limitation. OCGA § 9-3-33.

2. However, the complaint may also be interpreted as alleging a cause of action under state tort law. The trial court's order of dismissal did not address the contention that the complaint should be dismissed because it otherwise failed to state a claim under OCGA § 9-11-12 (b) (6), and we cannot conclude that the dismissal order should be affirmed because the complaint could also have been dismissed on that ground. See *Spiezio v. American Gen. Fin.*, 204 Ga. App. 350, 352 (419 SE2d 149) (1992) (a judgment right for any reason will be affirmed). As the record stands, we are unable to say with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his general allegations. See *Property Pickup v. Morgan*, 249 Ga. 239, 240 (290 SE2d 52) (1982). Accordingly, the trial court erred by dismissing the entire complaint.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 19, 1993.

Roger C. Day, *pro se.*

*Melinda B. White, Albert S. Johnson*, for appellees.