**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 19, 2025**

# In the Court of Appeals of Georgia

A25A0336. GARDEI v. TAYLOR, IN HIS INDIVIDUAL CAPACITY et al.

GOBEIL, Judge.

Carl Gardei appeals from the trial court's sua sponte dismissal of his petition for declaratory judgment against the Sheriff of Gwinnett County and the Director of the Georgia Bureau of Investigation ("GBI"), in which he alleged that their continued enforcement against him of the statutory requirements governing the registration of sex offenders, OCGA § 42-1-12 et seq. (the "Registry Act"), violates his constitutional rights. For the reasons that follow, we affirm.

"We review a trial court's sua sponte order of dismissal de novo." *YP, LLC v. Ristich*, 341 Ga. App. 381, 381 (801 SE2d 80) (2017) (citation and punctuation omitted). In 1992, Gardei pleaded guilty to a number of offenses in Arizona, including

multiple counts each of kidnapping, attempted sexual assault, and sexual abuse. After his release from prison in 2003, Gardei moved to New Mexico, where he was required to register as a sex offender for a period of ten years. In 2009, Gardei moved to Georgia. According to Gardei, he contacted the DeKalb County Sheriff's Office and an unnamed deputy advised Gardei that he would be required to register as a sex offender in Georgia. On August 12, 2009, Gardei registered as a sex offender in Gwinnett County.

In 2018, Gardei sent a letter to the Gwinnett County Sheriff's Department and the GBI, requesting his removal from the sex offender registry. The GBI responded that he would not be removed from the registry, alleging that Gardei remained subject to the requirements of the Registry Act because the crime of sexual abuse in Arizona has the same or similar elements as the crime of aggravated assault with the intent to rape in Georgia, and the crime of sexual assault in Arizona has the same or similar elements as attempted rape in Georgia.[1] The letter further explained that although Gardei's Arizona convictions predated the effective date of Georgia's sex offender registry on July 1, 1996, Gardei was released from prison in Arizona in 2003, when the

---

[1] There is no indication in the record that anyone from the Gwinnett County Sheriff's Office responded to Gardei's letter.

registry already was in existence. The GBI, however, advised Gardei that he could petition a Georgia court for relief pursuant to OCGA § 42-1-19, and if granted such relief, the GBI would comply with the court order.

In October 2018, Gardei filed a petition for declaratory relief in the Superior Court of DeKalb County against R. L. "Butch" Conway, in his official and individual capacities as the then Sheriff of Gwinnett County; Vernon M. Keenan, in his official and individual capacities as the then Director of the GBI; and Attorney General Christopher Carr. In his petition, Gardei alleged that the respondents' continued enforcement against him of the statutory requirements governing the Registry Act violated his constitutional rights as: (1) he has never been convicted of a crime in Georgia; (2) he is no longer required to register as a sex offender in any other state; (3) he "does not currently fit any of the definitions of an individual who is required to register [as a sex offender] under OCGA § 42-1-12 (e)"; (4) he would not have been required to register as a sex offender if his offenses of conviction had occurred in Georgia; and (5) a Georgia resident convicted of the same crimes as Gardei's 1992 Arizona convictions would not be required to register as a sex offender in Georgia. Gardei sought a declaration that OCGA § 42-1-12 et seq. is unconstitutional, and that

he is not subject to the obligations imposed on sex offenders under the Registry Act. Gardei also sought injunctive relief enjoining further enforcement of the requirements of the Registry Act against him, as well as an award of attorney fees and costs.

In November 2018, Gardei filed an amended petition, dropping Carr as a party-defendant. Conway and Keenan moved to dismiss Gardei's petition. In February 2019, Gardei moved to substitute D. Victor Reynolds in his official and individual capacities as Director of the GBI after Keenan retired from that position. In March 2019, Gardei filed a second amended petition for declaratory relief against Conway and Reynolds in their individual capacities only, which Conway and Reynolds moved to dismiss. In May 2019, Gardei filed a third amended petition, adding allegations concerning injuries sustained from being listed on the registry of sex offenders, which Conway and Reynolds also moved to dismiss.

In an order dated June 20, 2019, the trial court dismissed Gardei's petition on the ground that his claims for relief were time-barred under OCGA § 9-3-33, the two-year statute of limitation for personal injury claims, because Gardei had initially registered under the Registry Act in 2009. This Court affirmed in a divided panel opinion. See *Gardei v. Conway*, 357 Ga. App. 539 (851 SE2d 170) (2020) ("*Gardei I*").

4

The Supreme Court granted Gardei's petition for certiorari and reversed this Court's judgment. *Gardei v. Conway*, 313 Ga. 132, 141 (3) (868 SE2d 775) (2022) ("*Gardei II*"). Specifically, the *Gardei II* Court held that (1) actions brought under Declaratory Judgment Act were subject to statutes of limitation, even though the Act did not include any limitation period; (2) Gardei's action for declaratory judgment — arguing that enforcement of the Registry Act violated his federal and state constitutional rights — was governed by the two-year limitations period applicable to actions for personal injury; and (3) his claims seeking prospective declaratory relief had not accrued, and thus, the two-year limitations period governing the action had not begun to run. Id. at 135-141 (1)-(3). On remand, this Court adopted the Supreme Court's opinion as it own, reversed the judgment of the trial court, and remanded the case for further proceedings consistent with the Supreme Court's opinion. See *Gardei v. Conway*, 365 Ga. App. 142, 142 (877 SE2d 699) (2022) ("*Gardei III*").

Upon remand, Gardei filed a "motion to amend parties and then to dismiss former parties." Gardei sought to add Michael Register, who replaced Reynolds as Director of the GBI and to dismiss Reynolds from the suit. The motion likewise sought to dismiss Conway from the action and add Keybo Taylor, who had assumed

the role of Sheriff of Gwinnett County. The court granted Gardei's motion. On February 3, 2023, Gardei filed an amended petition (his fourth) for declaratory relief against Taylor and Register in their individual capacities, again raising constitutional grounds related to the enforcement of the Registry Act. Taylor and Register filed separate answers to the petition. The parties filed cross-motions for summary judgment. In August 2023, Gardei sought to substitute Chris Hosey for Register as the Director of the GBI.

Prior to ruling on the parties' motions for summary judgment, the trial court sua sponte dismissed Gardei's petition for declaratory and injunctive relief on July 2, 2024 as moot.[2] The court highlighted that the revised Registry Act (effective July 1, 2024) now provides that a person required to register under the Registry Act may petition a superior court for release from registration requirements if the person

> [w]as convicted of a sexual offense and required to register under the laws of another state or territory, under the laws of the United States, under the Uniform Code of Military Justice, or in a tribal court and: [h]as completed all prison, parole, supervised release, and probation for the offense which required registration pursuant to Code Section 42-1-12

---

[2] The record contains no indication that the trial court ruled on Gardei's request to substitute Hosey for Register prior to dismissing the action.

6

and meets the criteria set forth in subparagraphs (c)(1)(A) through (c)(1)(F) of Code Section 17-10-6.2; and [h]as been removed from the registry in the other state or territory and can provide the court with documentation supporting the same.

OCGA § 42-1-19 (a) (5) (A)-(B). From this statutory language, the court reasoned that Gardei now possesses a statutory vehicle to request removal from the registration requirements of the Registry Act. Gardei filed a motion for reconsideration in the trial court, but the record on appeal does not contain a ruling on this motion. Gardei filed a timely notice of appeal from the court's July 2, 2024 dismissal order.

On appeal, Gardei argues that the trial court erred in sua sponte dismissing his petition for declaratory relief. More specifically, he contends that he remains ineligible for removal from the requirements of the Registry Act because he was convicted of crimes that "involve transportation of the victim," OCGA § 17-10-6.2 (c) (1) (E), and he therefore cannot meet one of the criteria enumerated in OCGA § 42-1-9 (a) (5) (A). He also maintains that he remains uncertain as to his registration obligations under the Registry Act "because he never should have been made to register in the first place[,]" and thus, his claims are not moot.

The State Declaratory Judgment Act [("the Act")] gives superior courts the power to declare rights and other legal relations of any interested party in cases of actual controversy under OCGA § 9-4-2 (a) and in any civil case in which it appears to the court that the ends of justice require that the declaration should be made.

*Leitch v. Fleming*, 291 Ga. 669, 670 (1) (732 SE2d 401) (2012) (citation and punctuation omitted). The purpose of the Act "is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations[.]" OCGA § 9-4-1. "(T)he object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated[, and t]he proper scope of declaratory judgment is to adjudge those rights among parties upon which their future conduct depends." *Walker v. Owens*, 298 Ga. 516, 518-519 (783 SE2d 114) (2016) (citations and punctuation omitted). Thus, a party is entitled to a declaratory judgment if there are

circumstances showing [a] necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest[.]

*Morgan v. Guaranty Nat. Co.*, 268 Ga. 343, 344 (489 SE2d 803) (1997) (citation and punctuation omitted).

Nevertheless, "[d]eclaratory judgment will not be rendered based on a possible or probable future contingency." *Baker v. City of Marietta*, 271 Ga. 210, 215 (1) (518 SE2d 879) (1999) (citation and punctuation omitted); *Fulton County v. City of Atlanta*, 299 Ga. 676, 677 (791 SE2d 821) (2016) ("It is a settled principle of Georgia law that the jurisdiction of the courts is confined to justiciable controversies, and the courts may not properly render advisory opinions."). Declaratory relief therefore is inappropriate for controversies that are "merely hypothetical, abstract, academic or moot," and a "[d]eclaratory judgment will not be rendered based on a possible or probable future contingency because such a ruling would be an erroneous advisory opinion." *Burton v. Composite State Bd. of Med. Examiners*, 245 Ga. App. 587, 588 (538 SE2d 501) (2000) (citations and punctuation omitted).

As an initial matter, we agree with Register that Gardei's claims in his petition with respect to Register are moot as he is no longer Director of the GBI. See *Roberts v. Cuthpert*, 317 Ga. 645, 647 (1) n. 6 (893 SE2d 73) (2023) ("claims for declaratory judgment against public officials in their individual capacity generally become moot

once that official is no longer in office"). See also *Ga. Dept. of Human Servs. v. Addison*, 304 Ga. 425, 428 (1) n. 5 (819 SE2d 20) (2018) (concluding that claims for declaratory judgment against a public official in his individual capacity became moot once he was "no longer employed by the State of Georgia" because "he can no longer give the plaintiffs any of the relief they seek"). We therefore affirm the trial court's dismissal of Gardei's petition against Register on this ground.

In his petition for declaratory relief, Gardei sought a ruling from the superior court that the continued enforcement (by the GBI and the Gwinnett County Sheriff) against him of the statutory requirements governing the registration of sex offenders under the Registry Act violated his constitutional rights. However, as noted by the trial court, after Gardei filed his petition and amended it multiple times, the General Assembly revised the Registry Act, which now includes a procedure for a person convicted of a sexual offense and required to register under the laws of another state or territory to petition for removal from the registry in Georgia so long as he or she meets certain requirements. See OCGA § 42-1-19 (a) (5) (A)-(B). Gardei maintains that his claims are not moot as he remains ineligible for removal from the requirements of the Registry Act due to the nature of his crimes. However, there is no indication in

the record that Gardei has sought to petition a superior court for removal from the registry following the changes to OCGA § 42-1-19 effective July 1, 2024, or that a court has addressed Gardei's eligibility for removal from the registry in light of the recent changes.

After the case was remanded to the trial court following our decision in *Gardei III*, Gardei filed a fourth amended petition in which he continued to raise claims for prospective relief — a declaration that the Registry Act is unconstitutional and that Gardei is not subject to the obligations imposed on sex offenders under OCGA § 42-1-12 et seq. Significantly, he did not assert claims based on past renewals of his registration. As our Supreme Court noted in *Gardei II*, "because Gardei's petition seeks a determination only as to whether he is required to comply with the Registry Act in the future, his causes of action have not yet accrued." 313 Ga. at 141 (3). The entry of a declaratory judgment that "rules in a party's favor as to future litigation over the subject matter" would constitute an "erroneous advisory opinion." *Baker*, 271 Ga. at 215 (1). See *Chambers of Ga. v. Dept. of Natural Resources*, 232 Ga. App. 632, 634 (502 SE2d 553) (1998) (declaratory judgment claim seeking a judicial ruling on issues anticipated to arise if new administrative application was filed was inappropriate

because it sought only an "advisory opinion so [as to] test the strength of [the opposing party's] anticipated future defenses"). The trial court therefore lacked jurisdiction to render an advisory opinion on hypothetical and legal questions that have not yet occurred, despite Gardei's fears that they may continue to arise under the revised Registry Act. Accordingly, the court did not err by dismissing Gardei's petition.[3]

*Judgment affirmed. Rickman, P. J., and Davis, J., concur.*

---

[3] Georgia appellate courts may apply the "right for any reason" rule when reviewing de novo certain judgments. See *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002) ("Under the 'right for any reason' rule, an appellate court will affirm a judgment if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied."); *GeorgiaCarry.Org, Inc. v. Bordeaux*, 360 Ga. App. 807, 812 (2) n. 3 (861 SE2d 649) (2021) ("While it appears that the trial court granted the motion to dismiss because the controversy was moot rather than based upon a hypothetical or future contingency, we will affirm the court if it is right for any reason."); *Craigo v. Azizi*, 301 Ga. App. 181, 187 (3) (687 SE2d 198) (2009) (dismissal of complaint affirmed under right for any reason rule).